CHARLES B. PAVLICEK, Exr.

*v.*

KATARINA ROESSLER.

*Opinion filed June 14, 1906.*

1. WIDOW'S AWARD—*award may be relinquished by fair ante-nuptial contract.* Where the widow is the only person interested, there being no minor children, her right to the widow's award may be relinquished by an ante-nuptial contract fair in its provisions, even though the term "widow's award" is not expressly used, if the other language of the contract is sufficiently comprehensive to include the award.

2. SAME—*when an ante-nuptial contract covers widow's award.* An ante-nuptial contract whereby each party releases to the other all claim, interest and right in the other's property which he or she would have acquired by virtue of the marriage or would have become entitled to upon the other's death, including all right or title to any distributive share in the other's personal estate, is sufficiently broad to include a relinquishment of the widow's award. (*Kroell v. Kroell,* 219 Ill. 105, followed.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. F. A. SMITH, Judge, presiding.

H. B. SPURLOCK, for appellant.

LANTRY & LYON, for appellee.

Per CURIAM: An award of $1000, as estimated by the appraisers in the estate of the appellee's deceased husband, was allowed her by the probate court of Cook county. Upon appeal to the circuit court the estimate of the appraisers was approved and ordered to be recorded. The case is now before this court on appeal from the judgment of the Appellate Court affirming the order or judgment of the circuit court.

It is urged that the judgment of the circuit court is improper, for the reason that it affirms and approves the order of the probate court as if the circuit court were a court of review exercising functions similar to those of the Supreme or Appellate Court. But this part of the judgment is merely prefatory, and is followed by a judgment containing all formal requisites. There is no merit in this criticism.

It is insisted that there is no evidence to support the judgment of the circuit court for the reason that the estimate of the appraisers was not formally offered in evidence. But the appraisers' report was not evidence in the case, but simply the basis of the proceeding, and was before the court for consideration, like a declaration or a plea, without any formal offer of the same in evidence.

The next and the most important inquiry relates to the effect of the ante-nuptial contract in this case upon the right of the appellee to what the statute calls the widow's award.

It is not claimed, nor is there any evidence tending to show, that the widow was overreached or imposed upon in any manner in the execution of the ante-nuptial contract. When the instrument was made the parties were, respectively, sixty-seven and fifty-five years of age. The decedent had been married before and had five children, but all these children were of age, and no one of them was living with the parties at the time of the husband's death or constituted a member of his family at that time. There was no child born of the marriage of decedent and appellee.

The contract was made on the day preceding the marriage, and was under seal and duly acknowledged, the ac-

knowledgment containing the statutory clause for the release of homestead.

The contract recites that the intended husband is the owner of certain personal property, and also seized of certain real estate, which is specifically described. Then follows a similar recital concerning the personal and real property of the intended wife. The next recital is that a marriage is intended to be had between these parties, and that it has been and is agreed by and between them that they, and each of them, shall mutually waive and release all right and interest which they, and each of them, may have in and to the property of the other.

The next provision of the contract is a release and relinquishment by the intended husband of all his right and interest, of any kind and nature whatsoever, in the intended wife's real estate, and especially his contingent rights of dower and homestead, followed by covenants similar to those contained in the contract involved in *Crum* v. *Sawyer*, 132 Ill. 443. This is followed by a similar release and relinquishment by the intended husband of any and all distributive share or portion of the intended wife's personal estate, with like covenant against suing for, claiming or demanding any distributive share or interest whatsoever to which he might be entitled as surviving husband.

The next provision is a release and relinquishment by the intended wife of all her right and interest, of any kind and nature whatsoever, and especially her contingent rights of dower and homestead, in her intended husband's real estate, with covenants similar to those in the *Crum case,* that she will not sue for, claim or demand any right of dower, or other interest whatsoever, in the real estate of her intended husband. In the same connection the intended wife releases and relinquishes to the intended husband all right, title and claim to any and all distributive share or portion of his personal estate, with covenant that, in the event of her surviving him, she will not sue for, claim or demand any

distributive share or interest whatsoever, to which she might be entitled as the surviving widow or wife of the intended husband, in or out of the personal estate of which he might die possessed.

Mutual covenants follow, to the effect that either will join in conveyances of the real estate of the other, at any time, on request, formally releasing all contingent rights or interests in the real estate of the other.

The widow's award is a statutory allowance made for the benefit of the widow and other members of the family of the decedent, and especially his children of tender years, that they may not be left wholly without support in the days of desolation following the death of the husband and father, and before time or opportunity has been afforded for re-adjustment to changed conditions. Hence it has been held that the widow cannot release the award by an ante-nuptial contract where there are children entitled to share in the benefit of its protection. *Phelps* v. *Phelps,* 72 Ill. 545; *Weaver* v. *Weaver,* 109 id. 225; *Zachmann* v. *Zachmann,* 201 id. 380; *Friedcrich* v. *Wombacher,* 204 id. 72.

But where the widow is the only person interested, an ante-nuptial contract fair in its provisions, by which she relinquishes the widow's award, may be enforced against her. (*McMahill* v. *McMahill,* 113 Ill. 461; *Spencer* v. *Boardman,* 118 id. 553.) This may be true even where the award is not relinquished by the use of that very word, provided the contract makes use of other language sufficiently comprehensive to include the award. It has been so held in the construction of a will, and there is no reason why one rule of construction should be applied to wills and another to ante-nuptial contracts, so far as the mere question of construction is concerned. *Cowdrey* v. *Hitchcock,* 103 Ill. 262; *Friederich* v. *Wombacher, supra.*

The contract in the case before us does not contain a release of the widow's award by specific mention, and the

question now arises whether or not the award is included within the general terms of the instrument.

The contract in question is broad in its terms, and includes, we think, a release of every right in or to the property of the appellee's husband which she acquired by virtue of the marriage and every interest in his estate which she otherwise would become entitled to upon his death in case she should survive him, and that said contract is a bar to a widow's award in favor of the appellee out of her husband's estate, and that it can make no difference, in determining the appellee's right to a widow's award in her deceased husband's estate under said contract, whether the interest, fixed by law, of the husband in the estate of a deceased wife is the same as the interest of a wife in her deceased husband's estate or not. The question presented here for decision is, in substance, the same as the question decided in the late case of *Kroell* v. *Kroell*, 219 Ill. 105, where it was held an ante-nuptial contract executed jointly between husband and wife, whereby each party released to the other all interest in the property of the other, both real and personal, and renounced forever all claims, in law and equity, in the property or estate of the other, worked a release of the right of a wife to a widow's award in her deceased husband's estate where there were no minor children of the deceased husband living with the widow, and the fact that under the law the interest of a husband in the property or estate of a deceased wife is not of the same kind and amount as the interest of a wife in the estate of her deceased husband did not affect the construction of said contract. That case we think decisive of the case at bar, and that the trial and Appellate Courts erred in holding that the appellee was entitled to a widow's award out of her deceased husband's estate.

The judgments of the circuit and Appellate Courts will therefore be reversed.                    *Judgment reversed.*