In the Matter of Estate of Samuel Guttman, Deceased. Rose B. Guttman, Petitioner-Appellee, v. Herman Guttman, as Executor of Estate of Samuel Guttman, Deceased, Respondent-Appellant.

Gen. No. 45,734.

Opinion filed December 30, 1952. Released for publication January 28, 1953.

HARRY L. MITCHELL, of Chicago, for appellant.

PERLMAN, GOODMAN, HECHT & CHESLER, of Chicago, for appellee; THEODORE E. REIN, and ISIDORE GOODMAN, both of Chicago, of counsel.

MR. PRESIDING JUSTICE ROBSON delivered the opinion of the court.

The background of this appeal is contained in a petition filed by the plaintiff Rose B. Guttman in the probate court of Cook county, praying that appraisers be appointed in the estate of Samuel Guttman, deceased, to set off and declare a widow's award to her. Defendant Herman Guttman, executor of the estate of the deceased, filed his answer to the petition in which he denied that plaintiff had any interest in the estate because of antenuptial agreement was executed whereby the plaintiff waived all rights which she, as the wife or widow of the decedent, might have in the property of the decedent. On March 12, 1951, the probate court entered an order denying the motion of the plaintiff for a widow's award. An appeal was taken to the circuit court on October 22, 1951, and an order was entered in the circuit court of Cook county after a hearing *de novo,* directing the appraisers appointed in the estate to set off and declare a widow's award to the plaintiff.

Defendant appealed from this order. He contends that the antenuptial agreement, properly construed, manifests the intention of the plaintiff to waive any right she might or could have as wife or widow in the

59

property of the decedent and that this included the waiver of widow's award. Our decision depends entirely upon the construction of the antenuptial agreement which was dated September 21, 1949. It reads as follows:

Agreement made and entered into this day by and between Samuel Guttman, Rose Blair, Herman Guttman and Shirley Guttman Leibow, all of the City of Chicago, County of Cook, and State of Illinois;

Witnesseth That:

Whereas, marriage is contemplated between Samuel Guttman and Rose Blair, and

Whereas, Samuel Guttman has fully informed Rose Blair as to his financial condition, and

Whereas, the parties hereto desire to make a fair and reasonable provision for Rose Blair in lieu of any rights which Rose Blair might or could have as a wife or widow, or otherwise, in any property, real, personal or mixed, which Samuel Guttman now has or may hereafter own;

Now Therefore, in consideration of the execution of the within agreement and of the covenants and conditions herein contained, it is mutually understood and agreed as follows:

1. That Rose Blair shall receive and accept from Herman Guttman and Shirley Guttman Leibow, after the death of Samuel Guttman, if she shall survive Samuel Guttman as his widow, the sum of three hundred dollars ($300.00) per month during her lifetime, as hereinafter provided.

2. Herman Guttman and Shirley Guttman Leibow do hereby covenant and agree to pay to Rose Blair the total sum of three hundred dollars ($300.00) per month, each and every month, from and after the death of Samuel Guttman, during her lifetime, provided, however, that at the time of the death of Samuel Gutt-

60

man, he and Rose Blair shall be married and living together as man and wife.

3. That in consideration of Herman Guttman and Shirley Guttman Leibow joining in the execution of the within agreement, and of the covenants of Herman Guttman and Shirley Guttman Leibow herein contained, Rose Blair does hereby forever waive and release any and all rights which she, as the wife or widow of Samuel Guttman, might otherwise have either as dower in the real estate of Samuel Guttman, or by virtue of any statutory provision made for her benefit in lieu of dower, or might have to a distributive share in any personal property of Samuel Guttman, under any statutes now or hereafter in force and effect.

4. That Samuel Guttman, his heirs or assigns, shall hold free from right of dower, inchoate or otherwise, on the part of Rose Blair, all real property which he may now or hereafter own, and Rose Blair, herewith covenants to execute or join as a party in any instrument which may be requested by Samuel Guttman, his heirs or assigns, for the purpose of divesting and quitclaiming any right of dower, inchoate or otherwise, in said property.

In Witness Whereof, the parties hereto have placed their hands and seals this 21st day of September, 1949.
Samuel Guttman (Seal)
Shirley Guttman Leibow (Seal)
Rose Blair (Seal)
Herman Guttman (Seal)

(Attestation clause signed by Harry L. Mitchell, Notary Public.)

 It has long been recognized that a widow's award is not an inheritable interest in the property of a deceased husband, but is a preferred claim and a debt of the estate. *Blankenship v. Hall*, 233 Ill. 116, 131; *Hamilton v. First State Bank of Willow Hill*, 254 Ill.

App. 55, 57; *Allen v. Allen*, 222 Ill. App. 438, 446; Smith-Hurd Ill. Ann. Stat., ch. 3, sec. 354 [Jones Ill. Stats. Ann. 110.451]. The same rule of construction applies to antenuptial agreements as to wills. *Pavlicek v. Roessler*, 222 Ill. 83, 86.

■ The widow's award is a statutory allowance and where it is neither released in terms nor by language sufficiently broad to include it, it should not be regarded as relinquished. *Yockey v. Marion*, 269 Ill. 342, 350.

Applying these theories to the several clauses of the agreement in question, we find no language which is sufficiently broad to manifest any intention on the part of the plaintiff to relinquish her claim against the estate of the decedent for her widow's award.

■ Defendant relys on the case of *Kroell v. Kroell*, 219 Ill. 105, and *Pavlicek v. Roessler*, 222 Ill. 83. It is apparent in examining these two cases that in each instance the language of the agreement was very broad and sweeping and the court could find from the language so used that it was the intention of the parties that the widow's award should be waived. In the antenuptial agreement before us the waiver is limited to such rights as the widow might have as dower in real estate or by virtue of any statutory provision in lieu of dower, or might have to a distributive share in the personal property of the estate. The widow's award is neither dower, nor in lieu of dower, nor is it a distributive share in personalty. We cannot, therefore, read into this language a release of widow's award.

Another distinguishing feature is that each of these cases was decided prior to the adoption of the Probate Act of 1939. It has already been stated that the same construction that applies to wills applies to antenuptial agreements. The statute now provides:

■ "The widow is entitled to her award unless the will of her husband expressly provides that the provi-

62

sions thereof for her are in lieu of her award and she does not renounce the will.''

(Smith-Hurd Ill. Ann. Stat., ch. 3, sec. 334 [Jones Ill. Stats. Ann. 110.431].) No such provision was in the previous statute. The agreement not having provided for a waiver of widow's award, the plaintiff is entitled to it.

The order of the trial court is affirmed.

*Order affirmed.*

SCHWARTZ and TUOHY, JJ., concur.