In the Matter of the Estate of Benedict T. Cullen, Deceased.
Emma E. Cullen, Petitioner-Appellant, v. Charles B. Cullen, Executor of the Last Will and Testament of Benedict T. Cullen, Deceased, Respondent-Appellee.

Gen. No. 65–57.

Third District.

December 30, 1965.

Berry & O'Conor, of Streator, for appellant.

R. A. Powers, of Streator, for appellee.

ALLOY, P. J.

The cause before us arose as a result of a petition filed in the Probate Division of the Circuit Court of LaSalle County for appointment of appraisers and fixing and allowance of a widow's award to Emma E. Cullen as the surviving spouse of the deceased, Benedict T. Cullen. Just before the marriage of the parties in 1959, the petitioner and decedent had executed a premarital agreement which contained the following provisions:

> "2. The party of the second part expressly agrees that in case she shall survive the party of the first part, she will make no claim to any part of his estate as surviving widow, and the party of the second part hereby expressly waives and relinquishes all right of dower and homestead in and to the real estate of which the party of the first part may die seized and possessed and hereby waives and re-

<!-- redacted header bar -->

linquishes all rights in and to any real or personal estate of the party of the first part, as surviving widow, heir-at-law, or otherwise. It is expressly agreed that this provision shall apply not only to real and personal property owned by the party of the first part on the date of this agreement but to any real or personal property hereafter acquired by the party of the first part."

"3. It is expressly hereby declared that the parties to this agreement intend, by this agreement, to provide that all property of the party of the first part, real or personal, whether now owned by him or hereafter acquired by him, shall, at his death, descend to his heirs at law (exclusive of the party of the second part), legatees or devisees as though said marriage had not taken place, and that the party of the second part shall take no share of the estate of the party of the first part unless it shall be expressly so provided in his last will and testament, and then only to the extent so provided in said instrument."

The decedent left a last will and testament in which he stated that his Executors should pay his debts, funeral expenses and taxes, and that all the rest, residue and remainder of his property was to go to his children. The will also contains the following recital:

"I have heretofore entered into a pre-nuptial agreement with my present wife, Emma E. Cullen, which in substance provides that neither of us shall share in or make any claim to any part of the estate of the other unless some share shall be expressly provided in the last will and testament of either of us and then only to the extent so provided in said instrument, and I hereby expressly omit any provision for my said wife in this will."

The cause was heard on a stipulation of facts by the court without a jury and the only question before the court was whether by execution of the premarital agreement, petitioner (surviving widow) waived her right to a surviving spouse's award. The Trial Court entered judgment denying the petition and expressly held that the premarital agreement of the parties constituted the waiver of the widow's award on the part of the petitioner.

On appeal in this court, Petitioner contends that she is entitled to the surviving spouse's award and that the premarital agreement does not waive her right to this award for the following reasons:

1. She contends that the statute relating to surviving spouse's award allows the award to the surviving spouse unless it has been expressly waived by such surviving spouse. In support of this contention it is pointed out that there is no express language which in so many words contains a waiver of the spouse's award, in the premarital agreement.

2. Appellant contends that if the court should conclude that the statute does not require an express waiver of the award in order to bar it, the premarital agreement should be interpreted as not being sufficiently broad to constitute a waiver on the part of the widow of her right to the award by implication.

While there is no exact precedent on the particular issue before us, the courts of this state have considered and dealt with a number of closely related problems. It has been established fundamentally in this state that where there is no fraud or concealment, and where there are no minor children of the decedent, the right to a surviving spouse's award may be barred by a fair antenuptial agreement (Kroell v. Kroell, 219 Ill 105, 76 NE 63; Pavlicek v. Roessler, 222 Ill 83, 78 NE 11). In the case of Kroell v. Kroell, supra, the antenuptial agreement recited that the female partner to the marriage agreement conveyed and quitclaimed to the male partner

"all interest I may acquire, by virtue of such marriage, in and to all his property, both real, personal, and mixed, now in his possession or that he may hereafter acquire, renouncing forever all claim" in law, equity or curtesy, dower, homestead, survivorship or otherwise. In that case, the court held that the widow's award was barred by the agreement although there was no specific mention of widow's award as such. The court pointed out that the contract included all rights acquired by either one of the parties who should outlive the other in property or estate of the other, and even though not expressly stated, clearly embraced and was intended to embrace the widow's award. The court indicated that the contract was sweeping in its terms and included every interest that the petitioner acquired in or to the property of her husband by virtue of the marriage and every interest which she would become entitled to upon his death in case she survived him.

In Pavlicek v. Roessler, supra, where the parties were of mature years (as is true in the instant case) and there was no child born of the marriage of decedent and the surviving widow, the court pointed out that the contract provided for a release by the intended wife of all her right and interest of any kind or nature whatsoever and especially her contingent right to dower and homestead, in her intended husband's real estate and that she would not sue for, claim or demand any right of dower or other interest whatsoever in the real estate of her intended husband. It also contained a recital that she released and relinquished to her intended husband, all right, title and claim to any distributive share or portion of his personal estate with the same language that she would not sue for, claim or demand any distributive share or interest to which she might be entitled as surviving widow or wife of the intended husband in or to any of the personal estate of which he might die possessed. The court pointed out that where the

widow is the only person interested, an antenuptial agreement fair in its provisions by which she relinquishes the widow's award may be enforced against her and this may be true even where the award is not relinquished by the use of those very words, provided the contract makes use of other language sufficiently comprehensive to include the award. It was observed by the court that the contract in the case before it did not contain a release of the widow's award by specific mention but that it was very broad in its terms and included a release of every right in or to the property of the husband which the widow may have acquired by virtue of the marriage. The court concluded that the contract was a bar to a widow's award in favor of the surviving widow under such circumstances.

An illustration of the type of case in which the court determined that the language was not sufficiently broad to constitute a waiver of widow's award is Yockey v. Marion, 269 Ill 342, 110 NE 34. There the antenuptial agreement made certain provisions for the wife and contained a recital that she accepted such provisions in lieu of and in bar of "dower or thirds" which she might be entitled to out of the property either real or personal of the deceased husband. The court there concluded that the language was not sufficiently broad to constitute a waiver of the widow's award since it expressly provided only for a satisfaction and bar of "dower or thirds."

Since most of the basic decisions to which we have referred were determined prior to 1939, a consideration of the language of the Probate Act of 1939 becomes pertinent to determination of the issue before us. In that Act (Ill Rev Stats 1963, c 3, § 182) it is provided expressly as follows: "The surviving spouse is entitled to the award unless the will of the decedent expressly provides that the provisions thereof for the surviving spouse are in lieu of the award and the surviving spouse

222

does not renounce the will." Under the Administration Act of 1872 which this section replaced, it was provided that the right of a widow to her award should in no case be affected by her renouncing or failing to renounce the benefit of the provisions made for her in the will of her husband or otherwise. The question which is, therefore, before this court is specifically whether the quoted section of the Probate Act of 1939 changes the Illinois law as developed in the cases to which we have referred (such as Kroell v. Kroell, supra, and Pavlicek v. Roessler, supra) and whether the change is such that broad language in an antenuptial contract such as we have in the case before us does or does not effectively waive a widow's award.

In support of the contention that specific language is required to bar the widow's award, Appellant cites the cases of In re Estate of Guttman, 349 Ill App 58, 110 NE2d 87, and In re Estate of Ulreh Vogt, Deceased, 10 Ill App2d 333, 134 NE2d 816. The following language appears in the case of In re Estate of Guttman, supra:

> "Rose Blair does hereby forever waive and release any and all rights which she, as the wife or widow of Samuel Guttman, might otherwise have either as dower in the real estate of Samuel Guttman, or by virtue of any statutory provision made for her benefit in lieu of dower, or might have to a distributive share in any personal property of Samuel Guttman, under any statutes now or hereafter in force and effect."

The court in that case pointed out that the same rule of construction applies to antenuptial agreements as to wills, as shown in the case of Pavlicek v. Roessler, supra. It is also observed by the court that the widow's award is a statutory allowance and where it is neither released in terms nor by language sufficiently broad to include it,

it should not be regarded as relinquished (citing Yockey v. Marion, supra). In discussing the issue, the court in the Guttman case points out that in Kroell v. Kroell, supra, and Pavlicek v. Roessler, supra, the language of the agreement was very broad and sweeping and the court could find from the language so used that it was the intention of the parties that the widow's award should be waived. In the Guttman case, the court pointed out that the antenuptial agreement before it was limited to such right as the widow might have as dower in real estate or by virtue of a statutory provision in lieu of dower or in a distributive share in personal property of the estate. Under those circumstances the court rightly concluded that it could not read into such language a release of widow's award. This is consistent with the holding in Yockey v. Marion, supra, hereinabove referred to. Similarly, In re Estate of Ulreh Vogt, Deceased, supra, the agreement attempted to relieve the husband of his responsibility to support his wife and the court held that the agreement was void as against public policy even though the court there did comment on the change in the Probate Act and observed that an antenuptial agreement does not bar a widow's award unless the agreement expressly so provides. In neither the Guttman case nor the Vogt case, however, did the court have occasion to pass upon an antenuptial agreement containing language as broad and all-inclusive as the language in the case at bar or to apply the Probate Act provision discussed in this opinion, to such agreement.

An editorial observation on this subject is contained in James Illinois Probate Law and Practice at Section 182.1 (Pages 315 and 316) where it is stated as follows:

"Section 182 of the Probate Act provides that the surviving spouse is entitled to her award unless the will of the decedent expressly provides that the provisions thereof for the surviving spouse are in lieu

of the award and she does not renounce the will. It will be observed that the section uses the words 'expressly provides.' In the author's judgment these words do not require that the will must necessarily use the term 'surviving spouse's award' in order to bar the surviving spouse from receiving an award, but rather contemplates that there must be sufficiently clear language in the will to evidence an intention . . . to deprive the surviving spouse of the award . . ."

The author there concludes that the use of the words "widow's award" or "surviving spouse's award" is not required where the language indicates an intention to bar the award. In the antenuptial agreement which we have under consideration, it is expressly provided that if the widow shall survive "she will make no claim to any part of his estate as surviving widow . . . and hereby waives and relinquishes all right in and to any real or personal estate of the party of the first part as surviving widow, heir at law, or otherwise." The agreement also provides:

"It is expressly hereby declared that the parties to this agreement intend, by this agreement, to provide that all property of the party of the first part, real or personal, whether now owned by him or hereafter acquired by him, shall, at his death, descend to his heirs at law (exclusive of the party of the second part), legatees or devisees as though said marriage had not taken place, and that the party of the second part shall take no share of the estate of the party of the first part unless it shall be expressly so provided in his last will and testament and then only to the extent so provided in said instrument."

It is apparent from such language that it was the intention of the parties that the surviving widow would in fact "make no claim" to any part of decedent's estate

as surviving widow and that his property, real and personal, would descend to his heirs at law as though the marriage had not taken place. It is clear that the parties intended to bar all claim of every kind and nature which could be asserted at death by reason of survivorship of the widow even though the exact language "widow's award" or "surviving spouse's award" was not used. Petitioner has contended that since the antenuptial agreement could not be used to bar a debt, it could not be said to bar the widow's award since it is also a debt of the estate. It is noted, however that in the antenuptial agreement, the petitioner waives any claim "as surviving widow." It is clear that the claim for the widow's award would certainly arise only by virtue of the fact that it would be asserted "as surviving widow."

██ ██ The precedents in this state indicate that language of the character we have before us would clearly act as a bar to a surviving spouse's award prior to the Probate Act of 1939 referred to. The language of such Act is not of such character as to require the use of the words "widow's award" or "surviving spouse's award" in order to bar the claim for widow's award if it is obvious from the broad language used in the antenuptial agreement that it was actually the intention of the parties to bar a widow's award or surviving spouse's award. The language of the antenuptial agreement in the case before us expressly and in simple terms states that petitioner would make no claim as surviving widow and that she waives and relinquishes all rights as surviving widow and that the beneficiaries of the decedent's will would receive his property as though the marriage had never taken place. To hold that the language of such agreement did not sufficiently express the intention of the parties to bar the widow's award would be a distortion of the language and ordinary rules of construction as well as a departure from the precedents heretofore determined in this state.

We, therefore, conclude that the judgment of the Circuit Court of LaSalle County was proper and should be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.