*In re* ESTATE OF MARY E. BROSSEAU, Deceased (Estate of Mary E. Brosseau, Deceased, Plaintiff-Appellee, v. Everett B. Brosseau, Defendant-Appellant.)

Third District   No. 3—88—0283

Opinion filed November 28, 1988.

Leonard F. Sacks, of Sacks, Albrecht & Copeland, of Kankakee, for appellant.

Paul E. Root, of Gomien, Root & Rigazio, of Morris, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Kankakee County which held that Everett Brosseau, petitioner, was barred from renouncing the will of Mary E. Brosseau, decedent, and was also barred from receiving a surviving spouse's award because of a post-nuptial agreement entered into between the petitioner and decedent.

The pertinent facts which gave rise to this litigation and appeal were that the decedent was first married to Harold Hooper and from this marriage three children were born, namely, Ronald Hooper, Beverly Veigelt and Shirley Shulk, all of whom survived her. The decedent, Mary E. Brosseau, and the petitioner, Everett Brosseau, were married on February 27, 1960. On November 10, 1985, the decedent died testate and left surviving her spouse, the petitioner, and the three aforementioned children. At the time of her death decedent owned 354 acres of farmland, 40 shares of stock in the Kankakee Service Company, and cash in the approximate sum of $20,000.

The terms of the decedent's will bequeathed and devised all of her property in various proportions to her three children, with the exception of an automobile and household furnishings which she bequeathed to the petitioner. The petitioner, by virtue of joint tenancy arrangements, became the sole owner of several bank accounts having a total value of $60,000 to $70,000.

The decedent's will was admitted to probate and thereafter the petitioner filed a petition for surviving spouse's award and a "renunciation of decedent's will" and claimed his statutory share of the estate.

The executrix of decedent's estate raised as defense to the petitions that petitioner was not entitled to any statutory share in the estate because he was bound by a post-nuptial agreement entered into by both the decedent and petitioner on January 24, 1977. The post-nuptial agreement provided they (petitioner and decedent) would make no claim upon the other's property at the death of either of them. The agreement also specifically provided as follows:

> "[A]fter the death of either it shall be free from the claim by the other on account of dower, courtesy or other statutory right in the same manner as if the said marriage had never been celebrated."

A hearing was had on the validity of the post-nuptial agreement and the trial court found the agreement to be valid and that it barred the petitioner from receiving a surviving spouse's award or a statutory

share of the estate of the decedent.

Several issues are raised in this appeal, the first being that the trial court erred in upholding the validity of the post-nuptial agreement.

■ In support of this assertion the petitioner argues that the post-nuptial agreement was invalid because it was not supported by adequate consideration. The petitioner argues that the marriage entered into with decedent cannot be consideration for a post-nuptial agreement. We disagree, since it is well settled that a mutual release of property rights by a husband and wife is adequate consideration to support a post-nuptial agreement. *Crum v. Sawyer* (1890), 132 Ill. 443, 24 N.E. 956; *Trecker v. Trecker* (1969), 107 Ill. App. 2d 94, 246 N.E.2d 56.

■ The petitioner further argues that the post-nuptial agreement was abrogated through the subsequent conduct of the parties. In support of this contention the petitioner highlights certain conduct of the parties, namely, that petitioner made improvements on the real estate and that he and the decedent commingled their funds in joint accounts and filed joint income tax returns.

In support of this argument the petitioner cites the case of *Nakaerts v. Nakaerts* (1982), 106 Ill. App. 3d 166, 435 N.E.2d 791. Petitioner's reliance on this case is misplaced. The case of *Nakaerts* is concerned with a separation agreement which is invalidated when a husband and wife resume living together. The case of *Nakaerts* is not and cannot be analogous with the instant case, in which a post-nuptial agreement is under consideration. In the instant case the decedent retained the land in her own name; she never conveyed the land or any portion of it to the petitioner, nor did she sell the land or any portion of it and thereafter transfer the proceeds to the petitioner. The decedent could have abrogated the post-nuptial agreement with respect to the farm but she never took any action which would indicate any intention of abrogation. The petitioner benefitted from jointly held bank accounts to an amount in excess of $60,000, but now argues that he should be entitled to more. The post-nuptial agreement provides otherwise.

■ The petitioner next argues that the post-nuptial agreement is invalid because it is unconscionable. He attempts to buttress this argument by implying that he received no property from the decedent other than an old car and household furnishings.

We find no merit in this argument of the petitioner. As we have stated, the petitioner received in excess of $60,000 from joint bank accounts. We note that it was the decedent's estate which paid her

debts, funeral and administration expenses. The petitioner's argument that the post-nuptial agreement was unconscionable by innuendo raises the question as to whether he was defrauded. There is no evidence that would support an argument of fraud. The petitioner farmed the decedent's land for a number of years and hence knew the extent of decedent's real estate. The attorney who drafted the post-nuptial agreement was a friend of the petitioner and his own personal attorney. The fact that the petitioner had only an eighth-grade education and was 69 years of age has no probative value, since there was no evidence adduced that petitioner was coerced, incompetent, or signed the agreement because of misrepresentation.

■ The petitioner further argues that the trial court erred by admitting into evidence an attachment to the post-nuptial agreement. The first page states the parties' agreement and bears their signatures. The second page contains the acknowledgment of the attorney who prepared the document. The acknowledgment recites as follows:

"I, W. Edwin Long, a Notary Public in and for the said county, do hereby certify that EVERETT B. BROSSEAU and MARY E. BROSSEAU, personally known to me to be the same persons whose names are subscribed to the foregoing post nuptial agreement, appeared before me this day in person and acknowledged that they have each read and fully understand the effect of the foregoing post nuptial agreement; that EVERETT B. BROSSEAU and MARY E. BROSSEAU know the approximate value of the personal property and real estate owned respectively by each of them, and that EVERETT B. BROSSEAU and MARY E. BROSSEAU have signed, sealed and delivered the foregoing post nuptial agreement as their free and voluntary act for the uses and purposes therein set forth, including the release and waiver of a surviving spouse's award and right of homestead."

It is petitioner's contention that the trial court erred when it permitted the second page to be entered into evidence. The first page sets forth the entire post-nuptial agreement and was executed by decedent and petitioner at the bottom of the page. The petitioner argues that the second page, being the acknowledgement of the agreement, was hearsay and that the court erred in admitting it. This argument of the petitioner smacks of a desperate effort on the part of the petitioner to invalidate a valid document. Had the acknowledgement of the attorney been at the bottom of page one rather than on page two, would petitioner now be arguing that it should be cut off from page one?

In fact, whether or not page two of the agreement was admitted

into evidence is irrelevant. The parties' agreement and its execution by the parties is on page one and is a valid document.

■ Lastly, the petitioner asserts that the court erred by finding that the post-nuptial agreement served to bar the surviving spouse's award.

The gist of the petitioner's argument in support of this issue is that the language utilized in the agreement did not expressly provide that the provisions made for him from decedent's estate were to be in lieu of a surviving spouse's award. The petitioner's argument is a semantic one. The petitioner argues that nothing less than the use of the specific words "surviving spouse's award" would effectively bar such an award. We have heretofore set forth the language of the agreement pertaining to waiver. While the language does not specifically use the words "surviving spouse's award," it does state, "it shall be free from the claim by the other on account of dower, courtesy, or other statutory right."

This court has been confronted with language similar to that used in the instant case and held that even though the exact language "widow's award" or "surviving spouse's award" was not used, the agreement was still valid. (See *Cullen v. Cullen* (1965), 66 Ill. App. 2d 217, 213 N.E.2d 8.) We adhere to the view expressed in *Cullen* and hold that the trial court properly ruled that the post-nuptial agreement in the instant case served to bar a surviving spouse's award.

For the reasons set forth, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.