NOTICE

Decision filed 11/29/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0046

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* MARRIAGE OF | ) Appeal from the |
| | ) Circuit Court of |
| REBECCA EDWARDS, | ) Jefferson County. |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| and | ) No. 04-D-3 |
| | ) |
| WILLIAM A. EDWARDS, | ) Honorable |
| | ) James M. Wexstten, |
| Respondent-Appellee. | ) Judge, presiding. |

_____

PRESIDING JUSTICE SPOMER delivered the opinion of the court:

The parties to the present appeal, petitioner Rebecca Edwards and respondent William A. Edwards, were married on April 11, 1987. Their marriage was dissolved by a final judgment for the dissolution of the marriage, entered in the circuit court of Jefferson County on March 24, 2005. The judgment incorporated a marital settlement agreement, in which the parties agreed that the circuit court would reserve jurisdiction relating to the issue of the classification of the petitioner's right to past-due child support in connection with the 1985 dissolution of her previous marriage and the attorney fees associated therewith. Following the 1985 dissolution, a purge order was entered, finding that the petitioner's ex-husband, Robert Eugene Mattingly, was in contempt for his failure to pay child support as previously ordered, and a judgment, including payment arrangements, was entered against him in the circuit court of Montgomery County on April 30, 2004. The judgment ordered Mattingly to pay $39,000 in past-due child support and $2,800 in attorney fees.

In the present case, on March 9, 2005, counsel for the respondent propounded

1

supplemental interrogatories to the petitioner. The petitioner submitted an objection to the supplemental interrogatories, claiming that any sums of money paid to the petitioner pursuant to the above-mentioned purge order and judgment were not subject to claims by the respondent in the present case. The circuit court denied the petitioner's objection, concluding that the judgment found in the purge order was marital property. In response, the petitioner requested that the court certify the question for interlocutory appeal. On January 17, 2006, the circuit court certified the following question for appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

> "Whether a judgment relating to the issues of the award of child support and attorney's fees associated therewith in a dissolution of marriage proceeding between one spouse and a former spouse is marital property in the current dissolution proceeding."

This court granted leave to appeal, and for the reasons that follow, we answer the certified question in the negative with regard to the past-due child support but in the affirmative with regard to the attorney fees associated therewith. Accordingly, we affirm that part of the circuit court's order denying the petitioner's objection to the respondent's supplemental interrogatories with regard to the attorney fees, reverse the order with regard to the past-due child support, and remand for further proceedings consistent with this opinion.

We begin by noting the positions taken by the parties. The petitioner contends that although the issue presented is a matter of first impression in Illinois, courts in Missouri and Kentucky have addressed the same issue under statutory schemes "substantially identical" to the Illinois Marriage and Dissolution of Marriage Act (hereinafter the Act) (750 ILCS 5/101 *et seq.* (West 2004)). The petitioner posits that the opinions of the Missouri and Kentucky courts support the position that the judgment for the child support arrearage is not marital property in this case because the right to receive child support that underlies the judgment for the arrearage had been acquired prior to her marriage to the respondent.

2

Accordingly, the petitioner contends, under the "source-of-funds rule" utilized in Illinois to classify property as marital or nonmarital, the right to the arrearage may be traced to the judgment dissolving the petitioner's previous marriage to Mattingly and awarding child support to the petitioner for the benefit of her children, a judgment that preceded the petitioner's marriage to the respondent and the purge order and judgment for the arrearage. The petitioner agues that because the source-of-funds rule classifies property on the basis of when the claim to the property accrued and because the petitioner's claim to the child support accrued prior to her marriage to the respondent, the claim is nonmarital property. The petitioner points out that personal injury actions and workers' compensation actions in Illinois operate in this manner, and she argues that by analogy the property at issue in the case at bar should as well. The petitioner concedes, however, that the child support arrearage and the attorney fees associated therewith must be analyzed separately and that a differing result could be reached for each.

The respondent, on the other hand, contends that both the arrearage and the attorney fees award are marital property and should have been divided accordingly. In support of his position, the respondent first points to section 505(d) of the Act, which states that "[a]ny new or existing" child support order entered by the circuit court under the Act "shall be deemed to be a series of judgments against the person obligated to pay support thereunder," with each judgment to be in the amount of each payment or installment of support and with each judgment "deemed entered as of the date the corresponding payment or installment becomes due under the terms of the support order." 750 ILCS 5/505(d) (West 2004). The respondent also points to section 503(a) of the Act, which states that all property acquired after the marriage is presumed to be marital property, except that which is excluded by section 503(a). 750 ILCS 5/503(a) (West 2004). The respondent contends that, taken together and applied to the case at bar, these two sections dictate that because past-due child support and the

3

associated attorney fees are not excluded by section 503(a) and because, pursuant to section 505(d), a cause of action for a child support arrearage does not accrue on the date of a previous child support order but accrues on each date a child support obligor fails to make a court-ordered payment, each payment that was due but unpaid to the petitioner during her marriage to the respondent resulted in a claim that accrued during the marriage and so must be treated as marital property under the Act. The respondent claims that the entire $39,000 referenced in the purge order and judgment accrued during the course of the parties' marriage.

The petitioner responds to the respondent's argument by claiming that section 505(d) of the Act "is an aid to collection of support for the child in the case in which it was entered" and "does not and cannot affect the classification of child support payments in a subsequent marriage." The petitioner notes as well that even if one were to construe the judgments for unpaid support as coming due during the marriage, the source of the funds of the judgments would still be the underlying judgment for dissolution that created the obligation on the part of Mattingly to provide child support and the right of the petitioner to receive it.

With regard to the child support arrearage, we agree with the petitioner. The Act clearly and unequivocally defines marital property as "all property acquired by either spouse subsequent to the marriage," subject to certain exceptions. 750 ILCS 5/503(a) (West 2004). Although no reported decisions in Illinois address the question of whether a child support arrearage is marital property, Illinois courts have addressed various other types of judgments and classified them as marital or nonmarital on the basis of whether the underlying rights accrued during the marriage. For example, the Illinois Supreme Court has held that with regard to a workers' compensation claim, the dispositive question is when the claim accrued. *In re Marriage of DeRossett*, 173 Ill. 2d 416, 421 (1996). If the claim accrued during the marriage, then the plain language of section 503(a) dictates that it is marital property. *In re*

4

*Marriage of DeRossett*, 173 Ill. 2d at 421. Conversely, if the claim accrued prior to the marriage, it follows that the plain language of section 503(a) dictates that it is not marital property. Our colleagues in the Fourth District have reached the same conclusion with regard to the classification of personal injury actions as marital or nonmarital property. *In re Marriage of Burt*, 144 Ill. App. 3d 177, 178 (1986).

The respondent's contention to the contrary notwithstanding, the source-of-funds rule does not expand the list of exceptions to marital property found in section 503(a). Rather, the source-of-funds rule is an interpretive aid used by the courts to determine, within the meaning of the plain language of section 503(a), whether property was acquired prior to or subsequent to the marriage in question and, thus, whether it is or is not marital property. In the case at bar, the right to the child support arrearage may be traced to the judgment dissolving the petitioner's previous marriage to Mattingly and awarding child support to the petitioner for the benefit of her children, a judgment that preceded the petitioner's marriage to the respondent and the purge order and judgment for the arrearage. Absent that underlying judgment, no right to child support would exist, and the purge order and judgment would have no legal validity. The existence of section 505(d) of the Act does not change our analysis. We agree with the petitioner that section 505(d) is an aid to the collection of support for the child in the case in which it was entered and does not and cannot affect the classification of child support payments in a subsequent marriage. Put simply, section 505(d) was never intended to serve the latter function, and we decline to invoke it to that effect. Because the source-of-funds rule classifies property on the basis of when the claim to the property accrued and because the petitioner's claim to the child support accrued prior to her marriage to the respondent, the claim is nonmarital property.

We are mindful of the respondent's claim that because the children in the case at bar have all reached the age of majority and no longer receive support from the petitioner,

5

classifying the arrearage as nonmarital property would essentially give a windfall to the petitioner. We note that it has long been the law in Illinois that it is not inappropriate to pay a child support arrearage directly to the custodial parent, because that parent has necessarily expended the sums that would have been covered had the previously ordered child support payments been made when due. See, *e.g.*, *Neeland v. Neeland*, 17 Ill. App. 3d 803, 806 (1974). With regard to the respondent's claim that he helped support the petitioner's children during their minority and therefore should receive some form of reimbursement from the arrearage, we note as well that Illinois has a long history of cases which state that a stepparent does not have a duty to support a stepchild. See, *e.g.*, *McMahill v. Estate of McMahill*, 113 Ill. 461, 466 (1885). Although contributing to the support of a stepchild is laudable, it is a voluntary undertaking, not a requirement. Furthermore, we note that many factors unrelated to the welfare of the children might have motivated the respondent's decision to contribute to the support of his stepchildren, including the promotion of the harmony and stability of his marriage to the petitioner.

Finally, we note that the purpose of child support paid under the Act is to provide "for the reasonable and necessary physical, mental[,] and emotional health needs of the child" (750 ILCS 5/505(a) (West 2004)), not to provide support to the stepparents of children. See, *e.g.*, *In re Marriage of Florence*, 260 Ill. App. 3d 116, 121 (1994) (child support is for the benefit of the child); accord *Lykins v. Lykins*, 34 S.W.3d 816, 822 (Ky. App. 2000) (under the Kentucky statutory scheme, which is virtually identical to the Illinois scheme, support is meant to benefit the child, not the parties to the current marriage). If a child support arrearage from the dissolution of a previous marriage was classified as marital property in the dissolution of a subsequent marriage, the net effect of that classification in many cases would be to thwart the Act's intention of providing support for the children, by partitioning the arrearage between the divorcing parties as marital property, rather than allowing it to be

6

used to benefit the children. Although the children in the case at bar have all reached the age of majority and no longer receive support from the petitioner, in other cases very different circumstances could exist. For example, if the children at issue were 10 and 12 years old and an arrearage for their support in a substantial amount existed from the previous marriage of one of their parents and that arrearage was classified, as the respondent suggests it should be, as marital property in the dissolution of the subsequent marriage, then the divorcing stepparent in the subsequent marriage would be entitled to a marital-property stake in the arrearage, even if that stepparent had never spent a penny to support the stepchildren and despite the fact that the arrearage represented money specifically ordered by a court to be paid to the custodial parent for the benefit of the children. The practical consequences for trial courts forced to consider the equitable proportioning of an arrearage classified as marital property would be nightmarish. That said, a stepparent who has chosen to voluntarily contribute to the support of stepchildren is not without recourse just because the arrearage is classified as nonmarital property. To the contrary, the appropriate remedy in such a case is found in section 503(d)(3) of the Act (750 ILCS 5/503(d)(3) (West 2004)), which specifically requires the trial court to consider the value of the nonmarital property of each party–which would include the proceeds realized from a judgment for a child support arrearage from a previous dissolution–when apportioning "in just proportions" the marital property in the subsequent dissolution. It is under this section that a stepparent could make an equitable argument for some type of setoff in the apportionment of the marital property as a reimbursement for voluntarily contributing to the support of the stepchildren during the time that the arrearage proceeds had not yet materialized for the custodial parent.

With regard to the attorney fees associated with the child support arrearage, we agree with the respondent's assertion that in connection with the previous dissolution the attorney fees award is marital property. Applying the same source-of-funds analysis used to

7

determine that the child support arrearage is nonmarital property, we conclude that the attorney fees awarded to the petitioner in this case–the source of which, the petitioner conceded at oral argument, was the marital estate–are marital property and are subject to division accordingly.

For the foregoing reasons, we answer the certified question in the negative with regard to the award of past-due child support but in the affirmative with regard to the attorney fees associated therewith. Accordingly, pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we affirm that part of the circuit court's order denying the petitioner's objection to the respondent's supplemental interrogatories with regard to the attorney fees, reverse the order with regard to the past-due child support, and remand for further proceedings consistent with this opinion.

Certified question answered; order partially affirmed and partially reversed; cause remanded.

WELCH and DONOVAN, JJ., concur.