In re MARRIAGE OF MAXINE KAY THOMAS, Petitioner-Appellant, and JOHN MICHAEL THOMAS, Respondent-Appellee.

Third District    No. 80-68

Opinion filed October 7, 1980.

Cynthia Z. Tracy, of Zukosky & Tracy, of Wenona, for appellant.

Stephen C. Myers, of Myers, Daugherity & Berry, Ltd., of Streator, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Petitioner Maxine Kay Thomas appeals from orders of the circuit court of La Salle County granting the motion of respondent John Michael Thomas for summary judgment, and denying petitioner's subsequent motion to vacate that summary judgment. The only issue raised on appeal is whether a workmen's compensation award for injuries incurred during the marriage is marital property under the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 101 *et seq.*).

Maxine Thomas and John Thomas were married on January 16, 1976. On April 13, 1978, John Thomas was injured in an industrial accident at Streator Brick Systems, his place of employment. From the date of his injury until May 13, 1978, John Thomas was temporarily disabled. During this time he received temporary total disability. Subsequently, on November 27, 1978, he filed an application for adjustment of claim with the Industrial Commission, seeking recovery for partial loss of use of his left leg under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8). Thomas' employer contested his claim, and as a result his claim is still pending.

On March 26, 1979, Maxine Kay Thomas filed a petition for dissolution of marriage in the circuit court of La Salle County. In her petition Maxine Thomas sought, *inter alia*, "one-half of Respondent's Workmen's Compensation settlement." On July 6, 1979, John Thomas moved for

summary judgment on the grounds that Maxine Thomas had no interest in any potential recovery by John under section 8(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(e)), and that any such recovery did not constitute marital property under the Illinois Marriage and Dissolution of Marriage Act. On August 2, 1979, the circuit court of La Salle County granted respondent's motion. A subsequent motion by petitioner Maxine Thomas to vacate the summary judgment was denied, and appeal taken therefrom.

As previously stated, the only issue raised by petitioner on appeal is whether a pending workmen's compensation award, arising out of a claim accrued during the marriage, is to be classified as marital property under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 503). Very recently, this same question was before this court in the case of *In re Marriage of Dettore* (1980), 86 Ill. App. 3d 540, 408 N.E.2d 429. There we held that "a workman's compensation award is marital property if the claim thereto accrues during the marriage" (86 Ill. App. 3d 540, 542, 408 N.E.2d 429, 431), regardless of when the award was actually received.

■■ In a supplemental brief we allowed to be filed subsequently to oral argument, the respondent argues that *Dettore* is distinguishable factually from the case at bar and should not be followed here. He contends that although classification of a workmen's compensation claim as marital property may be proper if the claim was based upon section 8(d) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(d)), which relates to loss of earning capacity, a claim under section 8(e) relating to loss of a specific body part should not be so classified because that award is personal to the claimant and not to the "marital unit." This particular argument was not made in *Dettore* (which in fact does not disclose the nature of the Workmen's Compensation claim there in issue), and therefore that case is not distinguishable on the ground that the nature of the claim is different. However, even if *Dettore* dealt with a section 8(d) claim, we are not convinced that fact mandates a different result here, because under certain circumstances (see Ill. Rev. Stat. 1977, ch. 48, par. 138.8(b)(1), (2)) the marital status of the claimant (as well as the size of his family) has a bearing upon the determination of an award under both sections 8(d) and 8(e) of the Workmen's Compensation Act.

■■ In the alternative, the respondent urges us to reconsider the *Dettore* decision. He directs our attention to a number of cases from community property jurisdictions in which it has been held that a noninjured spouse has no interest in a workmen's compensation award received after a divorce (*Washington v. Washington* (1956), 47 Cal. 2d 249, 302 P.2d 569), and urges us to follow suit. We do not find these cases to be persuasive, however, because traditional community property theories have no

application to Illinois marital law where distribution of marital property is accomplished on an equitable basis (Ill. Rev. Stat. 1977, ch. 40, par. 503; *In re Marriage of Evans* (1980), 85 Ill. App. 3d 260, 406 N.E.2d 916 (Barry, J., specially concurring and dissenting)). Further, for the reasons we have previously stated in *Dettore*, we believe the better rule is to have the time of accrual of the claim, rather than the date the award is received, govern the classification of the award as marital property. Such a holding avoids the abuses detailed in *Dettore* that a contrary decision would surely invite.

■■ The respondent also contends that the classification of a workmen's compensation award, received as a result of a claim accruing during the marriage, as marital property constitutes a judicially imposed assignment of such an award which under the very terms of the Act itself is nonassignable (Ill. Rev. Stat. 1977, ch. 48, par. 138.21). We disagree. As a result of *Dettore* we are not assigning the claimant's award, or any portion thereof, to the non-injured spouse. We are merely directing trial courts, when equitably apportioning the marital property of the parties under section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503), to treat as marital property the workmen's compensation award of an injured spouse, provided the award arose out of a claim accruing during the marriage. Equitable distribution of marital assets pursuant to dissolution proceedings is not tantamount to an assignment. These are two distinct and separable legal concepts. Respondent's characterization of equitable apportionment of marital property as an assignment blurs these distinctions, and is not sound. Accordingly, we reject his assertion that classification of a compensation award accruing during the marriage as marital property violates the nonassignability provision of section 21 of the Workmen's Compensation Act.

Finally, the respondent argues that the very evil this court sought to avoid by the *Dettore* decision, *i.e.*, manipulation of litigation schedules and dilatory tactics, will in fact be the result of that opinion. He contends that because of *Dettore* trial courts now be constrained to postpone distribution of marital assets pending the outcome of workmen's compensation proceedings, and that such a situation presents opportunities for abuse. Frankly, we know of few legal procedures that are incapable of abuse, regardless of the efforts of the judiciary, by those whose concern for justice and fair play has been deleteriously affected by an overwhelming desire for pecuniary gain. Although we take note of the potentiality for abuse that exists as a result of the *Dettore* opinion, we deem these abuses to the judicial process to be less likely and considerably less egregious than those which would have occurred had we held in *Dettore* that classification of a workmen's compensation award as marital property hinges upon when it is received (see *In re Marriage of Dettore* (1980), 86 Ill. App. 3d 540, 542, 408 N.E.2d 429, 431).

■■ Because John Thomas' claim against his employer in the instant case accrued during the marriage, under *Dettore* it is to be classified as marital property. Accordingly, the summary judgment entered by the circuit court of La Salle County in favor of respondent John Thomas is reversed and the cause remanded to that court for a division of marital property consistent with the views expressed in *Dettore* and herein.

Reversed and remanded.

SCOTT and STENGEL, JJ., concur.