*In re* MARRIAGE OF DOUGLAS C. BURT, Petitioner-Appellant, and MARJORIE BURT, Respondent-Appellee.

Fourth District   No. 4—85—0755

Opinion filed June 12, 1986.

Robert M. Finch, of Urbana (James Kuehl, of counsel), for appellant.

Arthur M. Lerner, of Greaves, Lerner & Kirchner, of Champaign, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On August 5, 1983, petitioner, Douglas C. Burt, filed a petition in the circuit court of Champaign County seeking dissolution of his marriage to respondent Marjorie Burt. On March 5, 1984, while the petition was pending, petitioner was seriously injured in an automobile collision. On June 4, 1984, an order of dissolution reserving other matters was entered. Subsequently, but prior to the determination as to the division of assets, child support, and maintenance, petitioner obtained a structured settlement of his personal injury claim arising from the aforesaid collision for a package valued at $230,000. The record indicates that a significant portion of the settlement was for future pain and suffering and for future disability and loss of earnings. Subsequently, in making a division of the property of the parties, the circuit court ruled that the cause of action was marital property within the meaning of section 503(a) of the Illinois Marriage and Dissolution of Marriage Act (the Act). Ill. Rev. Stat. 1983, ch. 40, par. 503(a).

No court of review of this State has passed upon the question of whether a cause of action for personal injuries to a party to a dissolution proceeding occurring during the pendency of the proceedings is marital property, in whole or in part, within the meaning of section 503(a) of the Act. We hold that such a cause of action is marital property in its entirety.

The determination that the cause of action was marital property was made in an order entered August 2, 1985. That order, as supplemented by an order of September 30, 1985: (1) awarded custody of the two minor children of the parties to respondent; (2) ordered petitioner to make monthly child support payments in the amount of 25% of his net income; (3) denied respondent maintenance; and (4) ordered that the proceeds of the settlement of the cause of action be used to pay (a) attorney fees and expenses incurred in obtaining the settlement, (b) various marital debts of the parties, and (c) petitioner's medical expenses. A portion of the structured settlement consisted of furnishing petitioner with an annuity of a sum slightly in excess of $3,400 per month to be paid to him beginning with his 65th birthday, some 20

years in the future. The annuity had a present value of $55,000. The court ruled that respondent should have a one-half interest in the value of the annuity and one-half of the cash balance of the settlement, which balance, together with interest, then totaled $49,279.82. To effectuate this division, the court ordered petitioner to pay to respondent the sum of $52,139.91. The tangible personal property was of no great value and was split between the parties. Petitioner was awarded various notes or accounts owed by others and a cause of action against an accounting firm.

Petitioner has appealed, contending: (1) the cause of action, at least to the extent that it included claims for future pain, suffering, and loss of income was not marital property; (2) the circuit court made an inequitable distribution of the marital property considering the special equities involved in the funds received in settlement for the personal injuries; and (3) if respondent was entitled to a portion of the settlement represented by petitioner's annuity, the court should have awarded her a portion of the annuities when paid. We disagree and affirm.

Section 503(a) of the Act states that " 'marital property' means all property acquired by either spouse subsequent to the marriage" except for certain types of property not relevant here which is called " 'nonmarital property' " (Ill. Rev. Stat. 1983, ch. 40, par. 503(a)). Petitioner does not dispute that most causes of action are property but contends that a cause of action for personal injuries where claims of future damages are involved is not property. Petitioner argues that such a cause of action does not have the attributes of property, citing the decision of this court in *Town & Country Bank v. Country Mutual Insurance Co.* (1984), 121 Ill. App. 3d 216, 459 N.E.2d 639, where a cause of action for personal injuries was held to be unassignable. However, the basis of that decision was not that the cause of action lacked the attributes of property but that the precedent of a public policy established by the decision in *North Chicago Street R.R. Co. v. Ackley* (1897), 171 Ill. 100, 49 N.E. 222, prohibited assignments of such claims.

Actually, the thrust of petitioner's theory is not so much that a cause of action for personal injuries is not property but that the portion of the cause which has to do with pain, suffering, and disability is so personal to the injured spouse that it should not be deemed marital property. That was the heart of the holding in *Amato v. Amato* (1981), 180 N.J. Super. 210, 434 A.2d 639, cited by petitioner. There, the reviewing court reversed an order which declared a cause of action of one spouse for medical malpractice to be a part of the marital estate in a dissolution proceeding. The reviewing court remanded with direc-

tions for the trial court to apportion the value of the cause of action between that which would be compensation for past loss of compensation and medical expense, all of which would be part of the marital estate, and that which would compensate for pain and suffering and mental and physical disabilities, which would be the sole property of the injured spouse. The *Amato* court discussed the unassignability of a cause of action for pain and suffering but the major emphasis was on the theory that the elements of the cause of action consisting of claims for pain and suffering and disability, particularly that to be suffered in the future, included claims for compensation needed by the spouse to make him or her whole. On the other hand, the *Amato* opinion recognized that the elements of lost wages and medical expenses represented losses to the marital estate for which it should be compensated.

The *Amato* decision was contrary to the decisions of that court in *Harmon v. Harmon* (1978), 161 N.J. Super. 206, 391 A.2d 552, and *Di Tolvo v. Di Tolvo* (1974), 131 N.J. Super. 72, 328 A.2d 625. The basic rationale of those decisions was: (1) the statute providing for the concept of a marital estate defined the entire cause of action as property; (2) the property was acquired during the marriage; and (3) the cause of action was, as is the case in section 503(a), not listed as the type of property which is not marital. However, in *Harmon,* a special concurrence analyzed the cause of action as being partially marital and partially nonmarital. The *Amato* opinion cited this concurrence with approval. In *Nixon v. Nixon* (Mo. 1975), 525 S.W.2d 835, the court followed the same reasoning in interpreting the Missouri statutory provisions in regard to marital estate as did the *Harmon* and *Di Tolvo* courts in interpreting the New Jersey statutes.

In *In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 404 N.E.2d 306, a husband had received disability injuries in 1973 for which he received a settlement of approximately $31,000 in 1976. Some $26,000 of those proceeds were then used to pay off a mortgage encumbering farmland owned by the husband and his wife in joint tenancy. In 1978, the marriage was dissolved. The farm was held to be marital property and the wife was awarded $34,000 of the $38,000 which was the net proceeds from the sale of the farm. The husband contended that the proceeds of the settlement used to pay the mortgage should have been considered nonmarital property and that should have entitled him to most of the proceeds of the sale of the farm. The Fifth District held that the settlement proceeds were marital property and thus no question was raised as to whether the use of the proceeds to pay the mortgage affected the status of the farm.

In *Gan,* the husband argued, as later held in *Amato,* that the set-

tlement proceeds were needed by him to make him whole. The court concluded that the proceeds were property acquired during the marriage and that the property did not fit any of the exceptions necessary to make the property nonmarital by the terms of section 503(a) of the Act (Ill. Rev. Stat. 1972, ch. 40, par. 503(a)). The court also noted that the injury had reduced the ability of the husband to support his family and by placing the proceeds of the settlement in the marital estate, the strong public policy of enabling the family to be supported would be served.

The instant case differs from *Gan* in that here, at the time of the order of dissolution, the petitioner merely had a cause of action while there, a settlement had been effectuated and the proceeds expended before the order of dissolution. Obviously, this distinction is substantial if a cause of action for personal injuries is not deemed to be property. If it is not property, then, of course, it cannot be property owned by a spouse during the marriage within the meaning of section 503. On the other hand, if the portions of the right to be compensated are to be deemed marital or nonmarital property depending on whether the purpose of the compensation is (1) to make the injured spouse whole as to aspects that are unique to him, or (2) to reimburse the injured spouse for losses which affect the size of the marital estate, then, the difference between *Gan* and the instant case is merely a technicality and not of determinative significance.

In addition to the support given by *Gan*, our holding that all portions of a cause of action for personal injuries are marital property under section 503(a) also receives some support from the decisions in the cases of *In re Marriage of Thomas* (1980), 89 Ill. App. 3d 81, 411 N.E.2d 552, and *In re Marriage of Smith* (1980), 84 Ill. App. 3d 446, 405 N.E.2d 884. In *Thomas*, a cause of action to recover a workers' compensation award was held to constitute marital property even though the claim was not only for loss of earning capacity (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(d)) but also for loss of a specific body part (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(e)). Thus, that court rejected the theory that compensation for disability should be considered personal to the injured spouse even if compensation for lost earnings is not. The *Thomas* decision is also significant in that neither the inchoate nature of the claim or its lack of assignability prevented it from being property within the meaning of section 503(a). In *Smith*, the court held a disability pension was marital property, rejecting a theory that disability benefits have an exclusive nexus to the injured spouse thereby distinguishing them from longevity pension benefits. The *Smith* court was also influenced by the argument that section 503(a) encompasses

all property not expressly exempted.

Accordingly, the rationale of our holding that the entirety of a cause of action for personal injuries is marital property begins with our determination that neither the contingent nature of the cause of action nor its lack of assignability prevents it from being property. As were the *Gan, Thomas,* and *Smith* courts, we are impressed by the fact that the complete list of types of property excluded under section 503(a) makes no mention of any types of causes of action. We recognize the concern expressed in *Amato* that some aspects of a cause of action for personal injuries involve a loss to the injured party that cannot be considered to be shared by others. However, we find nothing in section 503(a) which exempts the cause of action from being marital property. Rather, as we will explain, that issue should be considered in making division of marital assets pursuant to section 503(d). As stated in *Gan,* the public policy of providing for the support of the family of the injured spouse is better preserved by including the entire cause of action in the marital estate.

■ By the terms of section 503(d), in dividing marital property, the court is expressly directed to consider "the age, health, *** employability, *** and needs of each of the parties" (Ill. Rev. Stat. 1983, ch. 40, par. 503(d)(7)) together with the opportunity of a spouse to secure future income (Ill. Rev. Stat. 1983, ch. 40, par. 503(d)(10)). This, of itself, authorizes the court to consider the disability of an injured spouse and award a larger portion of marital property, including proceeds of a cause of action to that spouse. Moreover, the factors expressed in section 503(d) are not the only factors that can be considered. Other factors may be considered if relevant. (*Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 429 N.E.2d 465; Ill. Ann. Stat., ch. 40, par. 503, Historical & Practice Notes, at 61 (Smith-Hurd Supp. 1986).) The pain and suffering and disability of an injured spouse would be relevant considerations.

The circuit court acted consistently with the foregoing in reaching its decision on the division of marital property. It noted in its memorandum opinion and order that the "primary purpose" of the settlement was to restore petitioner "physically, mentally, and financially," as far as possible. The court then explained that the medical bills had been paid, an annuity to provide for petitioner's old age had been obtained and defendant was freed of large marital debts. The court stated that it agreed that certain portions of the injury award were personal to petitioner. Although the court cited the medical expenses as such an item, the court did not exclude others. The court also correctly stated that a purpose of such an award was to enable the injured

party to support his family. That element was controlling here. There was not enough money to enable petitioner's family to be properly cared for and, at the same time, to attempt to make him whole for his pain and suffering, by a substantial monetary award. When, as usually is the case, the court must choose between the two, support consideration should predominate.

Not only was the petitioner relieved of marital debts, he was also relieved of any future obligation for paying maintenance to respondent. Had petitioner been given a greater portion of the marital estate and not relieved of a possible burden of paying maintenance, his position would not have been enhanced and the potential for continued dispute, which the Act is designed to prevent, would have remained. As the court noted, petitioner had also been able to acquire some $18,000 in cash from liquidation of some assets and in other ways. In addition, he was awarded a cause of action against an accounting firm which was stated to have some substantial worth and also two debt obligations of others which had some value. The court did not abuse its discretion in the division of the marital estate.

■■ Finally, petitioner maintains that even if the cause of action were marital property and even if respondent were entitled to a share of the total marital estate which included a sum equal to a portion of the value of the annuity, that award should have been effectuated by giving her a portion of the annuity payments when they come due. This would have enabled petitioner to have more cash flow initially. Such a procedure was one option which was available to the court. However, such a disposition would have reduced the income that would be available to petitioner in his retirement years. Moreover, an annuity keyed to one person's life is not necessarily the best vehicle to give financial protection to another. Also, the court might have felt that at least some maintenance would be required if respondent was not given a cash award from the marital estate. The evidence indicated that petitioner's investments and business ventures had seldom been successful. The trial court could even have concluded that petitioner's best interests would be served by awarding respondent cash and preserving petitioner's annuity. The circuit court did not err in opting to award respondent cash rather than an interest in the annuity.

For the reasons stated, the judgment appealed is affirmed.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.