236 N.J. Super. 233 (1989)
565 A.2d 701
JUDITH LENTINI, PLAINTIFF-RESPONDENT,
v.
JOHN LENTINI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 31, 1989.
Decided July 12, 1989.
Before Judges MICHELS and KEEFE.
Robert Musto, attorney for appellant (Robert Musto, on the brief).
No brief was filed for respondent.
PER CURIAM.
Plaintiff Judith Lentini filed a complaint for divorce on July 22, 1987. After a plenary trial, a final judgment of divorce was entered. Defendant John Lentini appeals from that part of the *234 final judgment which provided that: 1) each party would retain ownership and possession of the car presently in their possession but defendant would pay plaintiff $2,500.00, representing her share of the difference in the value of the respective vehicles; 2) plaintiff would be awarded one-third of any award defendant receives from his pending workers' compensation claim; 3) defendant would pay plaintiff $200.00 per week in alimony and child support through the Probation Department for 24 months and at the end of said period defendant would pay only $100.00 per week child support; 4) during defendant's temporary disability he would pay $100.00 per week for alimony and child support but arrearages would accumulate at the rate of $100.00 per week and when defendant retained full time employment he would pay plaintiff all outstanding arrearages that had accumulated; and 5) two-thirds of the defendant's workers' compensation claim would be used to pay any outstanding arrearages then due plaintiff. Plaintiff did not file a brief in response to defendant's appeal and an order suppressing her brief was entered on April 19, 1989.
We have reviewed the record in light of the issues raised on appeal and conclude that the trial judge's findings of fact were amply supported by the credible evidence in the record. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). Except for that part of the judgment which addresses the distribution of defendant's workers' compensation award, we affirm the judgment under review for the reasons stated by the trial judge in his bench opinion of March 29, 1988.
In deciding that all of defendant's workers' compensation award was subject to marital distribution, the trial judge apparently relied upon this court's opinion in DiTolvo v. DiTolvo, 131 N.J. Super. 72 (App.Div. 1974), which held that a husband's cause of action for personal injuries arising out of an automobile accident was marital property, and Hughes v. Hughes, 132 N.J. Super. 559 (Ch.Div. 1975), which followed DiTolvo and held that an unliquidated workers' compensation claim was also subject to marital distribution.
*235 However, subsequent to the decision in the current case, the Supreme Court of New Jersey decided Landwehr v. Landwehr, 111 N.J. 491 (1988). In that case the Supreme Court adopted the reasoning of our later decision in Amato v. Amato, 180 N.J. Super. 210 (App.Div. 1981) and disapproved the rationale of DiTolvo and the cases which followed it, including Hughes. Landwehr, 111 N.J. at 498.
We agree with the Appellate Division in Amato that N.J.S.A. 2A:34-23 is not intended to force a victim of personal injuries to share the proceeds he or she receives for the pain and suffering and disabilities arising out of those injuries. Id. at 500-501.
........
Nevertheless, the portion of a personal injury award or settlement that simply reimburses marital assets that were lost because of a spouse's injury should be subject to equitable distribution. Marital income and marital assets, by definition, belong to both marriage partners. Therefore, to the extent that a personal injury causes such income to be lost and such assets to expended from medical expenses, both partners are entitled to recover. Accordingly, the portion of Mr. Landwehr's settlement that was intended to compensate for his lost wages is subject to equitable distribution. Reimbursed medical expenses likewise would be distributable. Id. at 502.
These same principles can be applied equally well to a Workers' Compensation claim. "Workmen's Compensation affords an injured worker a measure of economic security during the period of time he is recuperating from a work-related accident, and further compensates him for permanent disability which reduces his future earning capacity." General Motors Acceptance Corp. v. Falcone, 130 N.J. Super. 517, 520 (Dist.Ct. 1974).
Thus, that portion of the final judgment of divorce which equitably distributed the proceeds of defendant's future compensation award is reversed and the matter is remanded for the trial court's reconsideration in light of the holding in Landwehr.
Reversed in part and remanded.