*In re* MARRIAGE OF SHERRY A. LEES, Petitioner-Appellee, and BRIAN T. LEES, Respondent-Appellant.

Third District   No. 3—91—0492

Opinion filed January 27, 1992.—Rehearing denied March 10, 1992.

Deutsch & Deutsch, of Rock Island (Sidney S. Deutsch, of counsel), for appellant.

Williams, Buckrop, Malvik & Associates, of Rock Island (John Malvik, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The trial court dissolved the parties' marriage and ordered the respondent husband, Brian T. Lees, to pay the petitioner wife, Sherry A. Lees, $330 per month in maintenance. Brian appeals.

The record reveals that the parties were married on October 23, 1981, and the trial court dissolved their marriage on January 11, 1991. At the time of dissolution, Brian was 39 years old and was employed at a data entry job. His monthly earnings were $784. He also received $144 in monthly disability benefits. Thus, his total monthly income was $928, while his monthly expenses were about $875.

Sherry was 48 years old and was employed as a gas station clerk. Her income from her employment was $750 per month. She also received a $466 monthly allowance for caring for two foster children. Additionally, she received $200 a month in rent from a female tenant. Sherry's total monthly expenses were $1,263.67.

In 1983, the parties began operating a small family business involving beauty aids such as artificial fingernails and tanning booths. During the marriage Sherry inherited $135,000, which she deposited in a personal banking account. In 1984, she used $78,000 of that money to buy a house, where she currently lives. Brian conceded that the house was Sherry's nonmarital estate.

After paying for the house, the balance remaining in Sherry's personal account was eventually used for the couple's living expenses and business. In 1986, the parties decided to borrow an additional $30,000 to finance their business. After repeated assurances from Brian that Sherry would never lose her house, she eventually consented to allowing the home to be mortgaged as security for the loan. Sometime later, the parties borrowed an additional sum of money which was again secured with the house. At that time, Brian again assured Sherry that he would never allow her to lose her home. At the time of the dissolution of the marriage, the balance due on the mortgage was $39,200.

During the marriage, the parties' business premises were destroyed. Because they had no insurance coverage, the business ended. Thereafter, the parties filed for bankruptcy and their debts were discharged. After the bankruptcy proceedings were concluded, the couple executed a reaffirmation agreement with the mortgagee of

Sherry's real estate. The mortgagee subsequently failed to properly file the reaffirmation agreement.

The real estate taxes on Sherry's residential property were delinquent to the extent of $4,000 for the years 1987, 1988, and 1989. The fair market value of the property was $65,000.

Based on the foregoing evidence, the trial court found that the $39,200 balance due on the mortgage was a marital debt and apportioned it equally between the parties. In so doing, the court stated the following:

> "If husband contributes to payment of the secured debt ***, wife will be able to meet her reasonable living expenses. Hence, one-half the monthly payment on the marital debt, which husband must pay or $320 per month plus an additional $10 *** shall be characterized also as maintenance, and not dischargeable in bankruptcy, but subject to review, modification or termination if wife voluntarily sells said residence, or remarries or lives in said house on a continuing conjugal basis with an unrelated adult male, but only as to such amounts as have accrued. *** Because husband, after his payments on the marital secured debt, will be unable to pay on the marital tax debt at the present time, wife on proof of payment of such taxes in full shall be entitled to a judgment order against husband in the amount of his share."

On appeal, Brian first argues that the court improperly ordered him to pay part of the $39,200 debt where the parties' debts had been discharged in bankruptcy.

■ It is well settled that marital debts as well as marital assets must be distributed equitably. (*In re Marriage of Cesaretti* (1990), 203 Ill. App. 3d 347, 561 N.E.2d 306.) A discharge in bankruptcy, being personal to the bankrupt, does not act as a release of liens or security interests in the property owned by him. *Farmers State Bank v. Hansen* (1990), 196 Ill. App. 3d 295, 553 N.E.2d 751; *Rochelle State Bank v. Gavic* (1979), 70 Ill. App. 3d 42, 388 N.E.2d 436.

■ Applying the above principles, we find that the trial court could properly order Brian to pay a portion of the debt. It was undisputed that Sherry's real estate was nonmarital property and that the lien encumbering it was the result of a marital debt incurred during the marriage for the purpose of financing the parties' business. With regard to that debt, Brian reassured Sherry that he would not allow her to lose her home. Moreover, following the bankruptcy, Brian executed a reaffirmation agreement on the debt secured by Sherry's property. Although the reaffirmation agreement was not properly

filed by the mortgagee, the lien on the property remained after the bankruptcy. Under these circumstances, the trial court could properly require Brian to pay Sherry for a portion of the marital debt he left with her. While Brian's liability to the creditors was obviously discharged by the bankruptcy proceedings, those proceedings did not discharge his obligations to the marriage resulting from its dissolution. See *In re Marriage of Cesaretti* (1990), 203 Ill. App. 3d 347, 561 N.E.2d 306.

Next, Brian argues that the trial court erred in fashioning the order to pay the marital debt as a maintenance decree. He also argues that the court abused its discretion in awarding any maintenance to Sherry.

We agree with both of Brian's contentions. Section 504(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) provides that the court may grant maintenance only if it finds that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and she is unable to support herself through appropriate employment or is otherwise without sufficient income. (Ill. Rev. Stat. 1989, ch. 40, par. 504(a).) Section 504(b) of the Act provides that the maintenance order shall be in such amounts and for such period of time as the court deems just, and may be in gross or for a fixed or indefinite period of time. (Ill. Rev. Stat. 1989, ch. 40, par. 504(b).) An award of maintenance is within the sound discretion of the trial court and will not be disturbed on appeal unless it is an abuse of discretion or is against the manifest weight of the evidence. *In re Marriage of Kaplan* (1986), 149 Ill. App. 3d 23, 500 N.E.2d 612.

■ Here, we find that while it may have been appropriate for the trial court to order Brian to pay a portion of the marital debt, it was not appropriate to use maintenance as a vehicle to accomplish it. In so finding, we recognize that the issue of maintenance is interrelated with the distribution of the marital property (*In re Marriage of Hughes* (1987), 160 Ill. App. 3d 680, 513 N.E.2d 1203). While recognizing that maintenance and distribution of property are considered together, they are clearly not the same thing. Maintenance is a sum of money payable to a spouse for his or her support. It is not the same thing as a distribution of property. We have found no case that stands for the proposition that maintenance can be used to pay a portion of the marital debt. In fixing a maintenance award, the court should consider the amount of property that it is distributing to each party. Nonetheless, maintenance and property distribution are two separate concepts which cannot be interchanged as the trial court has done here. (*Cf. In re Marriage of Rowden* (1987), 163 Ill. App. 3d 869, 516

N.E.2d 1041; *Ihle v. Ihle* (1981), 92 Ill. App. 3d 893, 416 N.E.2d 366.) While the award may have been proper had it been characterized strictly as a property settlement, we find that it was not proper as maintenance where the record shows that the wife's financial condition did not warrant any maintenance. Since the court's order was fashioned in terms of maintenance, we find that it must be reversed. On remand, the court should reconsider whether Brian should nonetheless be responsible for a portion of the marital debt as part of the general property distribution. If so, the court should take into consideration Brian's financial position before deciding the method of payment.

We further note that the additional $10 award of maintenance was also an abuse of discretion. Sherry's monthly income exceeded her monthly expenses by at least $150. Moreover, her assets were substantially greater than Brian's assets. Since Sherry had sufficient income and property to satisfy her reasonable needs, we find that the trial court's order awarding maintenance was against the manifest weight of the evidence and must be reversed.

Brian next argues that the trial court erred in ordering him to pay Sherry's nonmarital tax debt.

Section 503(d) of the Act provides that in dissolution proceedings, the court is to assign nonmarital property to the respective spouse who owns it and then divide the marital property in just proportions. (Ill. Rev. Stat. 1989, ch. 40, par. 503(d).) Absent special circumstances, the spouse incurring nonmarital debts should be required to pay them. *In re Marriage of Shields* (1988), 167 Ill. App. 3d 205, 521 N.E.2d 118.

■ In the instant case, the house was a nonmarital asset awarded to Sherry. She had possession and was residing there. We find that the tax debt due and owing on the property was a nonmarital debt for which Sherry was solely responsible. Accordingly, we reverse the court's order directing that Brian pay a portion of the taxes.

For the reasons stated, we reverse the judgment of the circuit court of Rock Island County and remand the cause with directions. On remand, the court should reconsider whether Brian should be responsible for a portion of the marital debt in light of our findings in this opinion.

Reversed and remanded with directions.

McCUSKEY and SLATER, JJ., concur.