*In re* MARRIAGE OF ANN H. WAGGONER, Petitioner-Appellee, and DARYL L. WAGGONER, Respondent-Appellant.

Fifth District   No. 5—93—0127

Opinion filed May 25, 1994.

Douglas A. Enloe, of Gosnell, Borden & Enloe, Ltd., of Lawrenceville, for appellant.

Timothy R. Neubauer and Curtis W. Martin, both of Mitchell, Neubauer, Shaw & Hanson, P.C., of Mt. Vernon, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Respondent, Daryl Waggoner (Husband), appeals the trial court's judgment of dissolution and the denial of Husband's petition to modify. The main issue is whether the trial court properly characterized Husband's pending workers' compensation claim as marital property. We affirm in part and reverse in part and remand with directions.

The parties were married on June 5, 1982. At the time of the marriage, Ann Waggoner (Wife) was employed at Suttle Apparatus. After Suttle Apparatus closed, Wife worked at various other jobs: cleaning houses, working in corn fields for Akin Seed Company, and tending bar for her brother. In May 1988, Wife began working at Syd's Tavern for $5 per hour, and she was employed there at the time of the dissolution proceedings.

Husband was employed by Bridgeport High School during the 1982-1983 school year. He was unemployed from 1983 through 1985. In 1985, Husband began working for the Illinois Department of Children and Family Services as a child welfare specialist I. On January 28, 1988, Husband injured his back at work, and although he underwent two surgeries in an attempt to remedy his back injury, his treating physician testified that Husband is permanently and totally disabled as a result of his injury.

Husband filed a workers' compensation claim against the State of Illinois. At the time of the dissolution proceedings, he had been receiving an average of $1,216.68 per month in temporary total disability payments. Respondent was also receiving social security disability payments of $187 per month. Husband's permanent total disability workers' compensation claim was pending and undetermined at the time of trial.

In its judgment of dissolution, the trial court awarded Wife the parties' 1987 Mazda RX7 and 1978 Oldsmobile Cutlass, the parties' furniture, and all other personal property in her possession. Husband was awarded the 1984 Phoenix, his 1981 Chevy truck, his horse tack, and other personal property in his possession. Husband was also awarded his pension benefits and his nonmarital social security disability income. Husband was ordered to pay Wife $200-per-month maintenance for 18 months and one-half of his final workers' compensation award or settlement.

The parties' sole marital debt, notes relating to the purchase of the 1986 Mazda RX7 and the 1978 Oldsmobile Cutlass, was assigned to Husband, and any difference between the balance owed on February 18, 1993, and $3,755.22 was ordered paid by Husband to Wife.

Husband argues that: (1) the trial court's property division was inequitable and an abuse of discretion; (2) the trial court's assignment

of the marital debt to Husband was inequitable and an abuse of discretion; (3) the maintenance award granted to Wife was inequitable, against the manifest weight of the evidence, and an abuse of discretion; and (4) the trial court's denial of Husband's petition to modify was an abuse of discretion and against the manifest weight of the evidence.

Husband argues that the property division made by the trial court was inequitable and an abuse of the court's discretion because Husband's workers' compensation claim is not marital property. In the alternative, Husband argues that, even if workers' compensation benefits are marital property, no part of them should be awarded to Wife.

Section 503 of the Illinois Marriage and Dissolution of Marriage Act (the Act) creates a rebuttable presumption that all property acquired after marriage is marital property. (Ill. Rev. Stat. 1991, ch. 40, par. 503; *Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 446 N.E.2d 499.) Therefore, a party claiming that property is nonmarital has the burden of proving its status by clear and convincing evidence. *Hofmann*, 94 Ill. 2d 205, 446 N.E.2d 499; *In re Marriage of Werries* (1993), 247 Ill. App. 3d 639, 616 N.E.2d 1379.

In support of her contention that the workers' compensation claim is marital property, Wife cites three Illinois cases: *In re Marriage of Lukas* (1980), 83 Ill. App. 3d 606, 404 N.E.2d 545; *In re Marriage of Dettore* (1980), 86 Ill. App. 3d 540, 408 N.E.2d 429; and *In re Marriage of Thomas* (1980), 89 Ill. App. 3d 81, 411 N.E.2d 552.

*In re Marriage of Lukas* (1980), 83 Ill. App. 3d 606, 404 N.E.2d 545, held (1) that the injured spouse's workers' compensation award was marital property, and (2) that even if it was not, it had been transmuted into marital property.

The third district later addressed the problem of classifying workers' compensation awards that had accrued during the marriage but had not been received at the time of the dissolution proceeding. *In re Marriage of Dettore* (1980), 86 Ill. App. 3d 540, 408 N.E.2d 429; *In re Marriage of Thomas* (1980), 89 Ill. App. 3d 81, 411 N.E.2d 552.

In *Dettore*, the husband had filed a workers' compensation claim before the wife filed her petition for dissolution of marriage. The court held that if the claim for a compensation award accrues during the marriage the award is marital property, regardless of when it is received. The court reasoned that if the "paid out" requirement was dispositive of the marital property issue, the injured spouse would be able to avoid the holding of *Lukas* by refusing to settle the workers' compensation claim until after the divorce was final. Therefore, the court refused to "condone a result which invites work[ers'] compensa-

tion claimants to protract the arbitration for their award so as to shield that award from equitable division by the dissolution court." *Dettore*, 86 Ill. App. 3d at 541-42, 408 N.E.2d at 430-31.

Less than three months later, the third district again addressed the issue of whether a workers' compensation claim for injuries incurred during the marriage was marital property. (*In re Marriage of Thomas* (1980), 89 Ill. App. 3d 81, 411 N.E.2d 552.) The court cited *Dettore* as controlling and concluded that the time of accrual of the claim, rather than the date the award is received, governed the classification of the award as marital or nonmarital property. *Thomas*, 89 Ill. App. 3d 81, 411 N.E.2d 552.

In *In re Marriage of Drone* (1991), 217 Ill. App. 3d 758, 577 N.E.2d 926, this court addressed the issue of whether a husband's workers' compensation settlement check received during the marriage for an injury received prior to the marriage was marital property. Applying the reasoning of *Dettore*, this court stated that it is reasonable to infer that the time the cause of action accrues determines the classification of this property. (*Drone*, 217 Ill. App. 3d at 764, 577 N.E.2d at 931.) Since the cause of action in *Drone* had accrued prior to the marriage, the court held that it was nonmarital. The court also held, however, that it had been transmuted to marital property by being placed into a joint checking account and used to make a down payment on a marital home held in joint tenancy.

Husband argues that the case at bar is distinguishable from these cases because this case involves a permanent total disability benefit, rather than a temporary total disability claim. Permanent disability benefits are designed to compensate the injured employee for his or her inability to earn income. Husband argues that part of the permanent award did not accrue during the marriage of the parties. Husband's position is that permanent benefits which accrued during the marriage would be marital property and those which accrued after the dissolution would not be.

In support of this contention, Husband cites a Kentucky case, *Mosley v. Mosley* (Ky. Ct. App. 1985), 682 S.W.2d 462, in which the husband was totally disabled and receiving weekly benefits under the Kentucky workers' compensation act at the time that the marriage was dissolved. *Mosley* held that permanent total disability payments which had been received, or which had accrued but not actually been paid as of the date of dissolution, were marital property. Payments accrued and received after the date of dissolution were held to be nonmarital.

Husband contends that although the case is not controlling, this court should adopt the reasoning of *Mosley* because there are no

Illinois dissolution cases involving permanent total disability awards, as opposed to temporary total disability benefits. Husband argues that the two situations are distinguishable.

*Lukas, Dettore, Thomas,* and *Drone* have all indicated that the time of accrual of the workers' compensation claim determines its status as nonmarital or marital: claims accruing before marriage are nonmarital; those accruing during marriage are marital. Two points must be noted about three of these four cases. First, while both *Lukas* and *Drone* ruled that the workers' compensation benefits were marital, both cases relied upon transmutation to establish that the awards were marital. Second, in *Dettore,* though one cannot tell with certainty the nature of the award, it may have had an element of permanency in it since the case was settled for $35,000. While the statements about classification based on time of accrual that are found in *Lukas* and *Drone* are *dicta* because of their reliance on transmutation and while the statements on the same subject in *Dettore* lack a specific discussion of the award's temporary or permanent nature, the lack of specificity is not present in *Thomas.* The award at issue in *Thomas* was for partial loss of use of the claimant's left leg, so clearly some portion of it would involve permanency, and *Thomas* adopted the award date as the basis of the marital/nonmarital classification.

■ The use of the time of the accrual of the claim as the sole basis of classification has been described as the "mechanical" approach, as opposed to the "analytical" approach.

> "The mechanical approach is literal. It looks to the statutory definition of marital and nonmarital property and concludes that if the claim was acquired during the marriage, it must be marital property. This is the rationale of the Illinois opinions." 1 H. Gitlin, Gitlin on Divorce 148 (1993).

Under the analytical approach, whether the award is marital property does not depend on a formalistic determination based solely on the time of accrual of the award. Instead, the focus is shifted to the purpose of the award. States which have adopted this approach as to personal injury claims separate the awards into at least two potential elements of damages: (1) those compensating the injured spouse for pain and suffering, disability, and disfigurement or lost limbs, and (2) those compensating the injured spouse for lost wages or lost earning capacity, and medical and hospital expenses. (See, *e.g., Johnson v. Johnson* (1986), 317 N.C. 437, 346 S.E.2d 430; *Taylor v. Taylor* (Okla. Ct. App. 1992), 827 P.2d 911.) Awards paid to the injured spouse for noneconomic and strictly personal losses and for wage loss after dissolution are considered that spouse's personal property.

Awards paid to the uninjured spouse under (2) for wage loss and medical and hospital expenses incurred during the marriage are deemed marital property.

States which have adopted the analytical approach for workers' compensation awards also allocate the awards according to their purpose, not to the time of the accrual of the claim. (This list is not exhaustive, but see, *e.g.*, *Bandow v. Bandow* (Alaska 1990), 794 P.2d 1346; *Miller v. Miller* (Alaska 1987), 739 P.2d 163; *Weisfeld v. Weisfeld* (Fla. Dist. Ct. App. 1987), 513 So. 2d 1278; *Dees v. Dees* (1989), 259 Ga. 177, 377 S.E.2d 845; *Campbell v. Campbell* (1986), 255 Ga. 461, 339 S.E.2d 591; *Weakley v. Weakley* (Ky. 1987), 731 S.W.2d 243; *Cummings v. Cummings* (Me. 1988), 540 A.2d 778; *Queen v. Queen* (1987), 308 Md. 574, 521 A.2d 320; *Ward v. Ward* (Minn. Ct. App. 1990), 453 N.W.2d 729; *Van De Loo v. Van De Loo* (Minn. Ct. App. 1984), 346 N.W.2d 173; *Pauley v. Pauley* (Mo. Ct. App. 1989), 771 S.W.2d 105; *Lentini v. Lentini* (1989), 236 N.J. Super. 233, 565 A.2d 701; *Freeman v. Freeman* (1992), 107 N.C. App. 644, 421 S.E.2d 623; *Crocker v. Crocker* (Okla. 1991), 824 P.2d 1117; *Kirk v. Kirk* (R.I. 1990), 577 A.2d 976; *Hardy v. Hardy* (1991), 186 W. Va. 496, 413 S.E.2d 151.) The portions of the award which are for wage loss and medical payments incurred during the marriage are classified as marital property; the portions of an award which are for the purpose of replacing wages lost after dissolution are classified as nonmarital.

Of the two approaches, the analytical seems to be the more sensible, because:

> "It would seem that to the extent a personal injury award or settlement represents out-of-pocket expenses incurred during the marriage, such as medical expenses and lost wages, this part of the award or settlement should be classified as marital property. The pain and suffering are, however, personal to the claimant, and the compensation for these elements should be regarded as nonmarital property. *Compensation for future loss of wages also should be classified as nonmarital property, consistent with the general rule that future wages are not marital property.*" (Emphasis added.) 1 H. Gitlin, Gitlin on Divorce 149 (1993).

Our supreme court has not considered the question of which is the better approach when dealing with the classification of a permanent total disability award. However, this court has previously refused to employ the analytical approach in classifying a personal injury award. (*In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 404 N.E.2d 306.) *Gan* is distinguishable from the case at bar in that most of Gan's settlement money had been used to pay off a mortgage on a jointly held farm, and the rest had been used on other marital debts. In

addition, there was no indication in the record in *Gan* that the personal injury award was attributable to compensation for the injured spouse's pain and suffering, disfigurement, medical expenses, or loss of future earnings, and thus there was nothing to support an apportionment that favored the injured spouse. *In re Marriage of Gan* (1980), 83 Ill. App. 3d 265, 404 N.E.2d 306.

■ Because we conclude that the analytical approach is the more enlightened, sensible view, we follow the reasoning of those States subscribing to it in cases involving permanent awards.

We, therefore, reverse that part of the trial court's order categorizing Husband's pending permanent disability claim as marital property, and we remand to the trial court to determine, in accordance with the analytical approach described above, what portion of Husband's permanent total disability award is marital property subject to distribution and to distribute it in an equitable manner.

In light of our decision to apply the analytical approach to Husband's permanent total disability benefits, we need not address Husband's alternative argument, that the award to Wife of one-half of the pending claim was inequitable and an abuse of the court's discretion.

We now turn to the issue of whether the trial court's assignment of the marital debt was inequitable or an abuse of discretion. The trial court ordered Husband to pay the parties' only marital debt, owed to People's National Bank in the sum of $3,755.22, for the purchase of the two automobiles which were awarded to Wife. Husband argues that the assignment of marital debt incurred for the purchase of marital property that has been awarded to the other spouse is an abuse of discretion, citing *In re Marriage of Guntren* (1986), 141 Ill. App. 3d 1, 489 N.E.2d 1120. We do not believe that *Guntren* stands for such a broad assertion; it actually held that the trial court had abused its discretion given the particular facts of the case.

■ Like marital assets, marital debts must be distributed equitably. (*In re Marriage of Lees* (1992), 224 Ill. App. 3d 691, 587 N.E.2d 17.) In light of the couple's limited marital assets, their incomes, the education and health of both parties, and all other factors considered by the trial court, we conclude that the distribution of the marital debt to the husband in the instant case was equitable and was not an abuse of the court's discretion.

The next issue raised by the Husband is whether the court's award of maintenance granted to Wife was inequitable, against the manifest weight of the evidence, and an abuse of discretion.

The version of section 504(a) of the Act that was applicable at the

time of the parties' dissolution provided that the trial court could grant a maintenance order for either spouse only if it found that the spouse seeking maintenance lacked sufficient property and/or income to provide for his or her reasonable needs. (Ill. Rev. Stat. 1991, ch. 40, par. 504(a).) Once such a requirement was met, section 504(b) provided that the maintenance award should be in such amounts and for such periods as the court found just after considering all relevant factors. (Ill. Rev. Stat. 1991, ch. 40, par. 504(b).) Those factors applicable to the case at bar are (1) Wife's financial resources, including marital property apportioned and her ability to meet her needs independently; (2) the time necessary to acquire sufficient education or training to enable Wife to find appropriate employment; (3) the standard of living established during the marriage; (4) the duration of the marriage; (5) the ages and physical and emotional conditions of both parties; and (6) the ability of Husband to meet his needs while meeting those of Wife. See Ill. Rev. Stat. 1991, ch. 40, par. 504(b).

■ The trial court's decision will not be set aside unless it is contrary to the manifest weight of the evidence. (*In re Marriage of Pickell* (1979), 76 Ill. App. 3d 855, 395 N.E.2d 673.) Wife has a tenth-grade education, and as of the July 1992 hearing, she was working as a waitress for $5 per hour. She had no other source of income and possessed no health insurance, certificates of deposit, individual retirement accounts, or pensions. Wife had no special employment training. Her net income for the first half of 1992 was $4,917.81, an average of $819.64 per month. The record indicates that Wife's expenses exceeded her income. Furthermore, Wife suffers from several serious health problems.

Husband, on the other hand, was receiving over $1,400 per month in temporary total disability and social security disability payments. The record also shows that Husband was living with his parents and was able to save enough money between May 1992 and July 1992 to purchase an automobile.

We conclude that the trial court's award of $200-per-month maintenance for 18 months was neither contrary to the manifest weight of the evidence nor an abuse of discretion, given the facts of this case and consideration of the relevant statutory factors.

We now turn to the final issue, whether the trial court's denial of Husband's petition to modify the judgment of dissolution was against the manifest weight of the evidence and an abuse of the court's discretion.

Following the trial court's entry of the judgment, Husband filed a petition to modify, seeking to terminate the award of maintenance to

Wife. Husband alleged a substantial change in financial circumstances of the parties since the entry of the judgment. Husband specifically alleged that at the time of trial in July 1992 Wife was employed as a waitress, earning $5 per hour, but since then, she had become the owner of a thriving business and was no longer in need of maintenance.

Section 510(a) of the Act requires that in order to modify maintenance provisions, the party seeking the modification must demonstrate a substantial change in circumstances. (Ill. Rev. Stat. 1991, ch. 40, par. 510(a); *In re Marriage of Lehr* (1991), 217 Ill. App. 3d 929, 578 N.E.2d 19.) The trial court has discretion to modify maintenance payments, and its decision will not be disturbed absent an abuse of discretion. *In re Marriage of Ingram* (1989), 185 Ill. App. 3d 395, 541 N.E.2d 731.

■ While it is true that a change in the ability of a recipient of maintenance to support herself could constitute a substantial change in circumstances (*In re Marriage of Cheger* (1991), 213 Ill. App. 3d 371, 571 N.E.2d 1135), the record indicates that Husband failed to present evidence of a change in Wife's ability to support herself. The trial court found that Husband failed to meet his burden of showing a substantial change in circumstances. We agree. Though Wife had secured different employment since the July 1992 hearing, she was struggling with a new business and she had incurred substantial debts in order to begin her new business. The record indicates that her resources were insufficient to provide for her reasonable needs. Furthermore, Husband's financial situation had not changed. For these reasons, we affirm the trial court's denial of Husband's petition to modify.

In short, we affirm the trial court's assignment of the marital debt to Husband, the award of maintenance to Wife, and the denial of Husband's petition to modify the maintenance award. However, we reverse the trial court's categorization and distribution of Husband's permanent disability benefits. We remand this case to the trial court with directions to determine, in accordance with the analytical approach set out above, what part of the award or settlement represented marital property. Those benefits deemed to be nonmarital shall be awarded to Husband, and those deemed to be marital shall be equitably distributed pursuant to section 503 of the Illinois Marriage and Dissolution of Marriage Act.

Affirmed in part; reversed in part and remanded with directions.

LEWIS, P.J., and MAAG, J., concur.