671 N.E.2d 654 (1996)
173 Ill.2d 416
219 Ill.Dec. 487
In re MARRIAGE OF John G. DEROSSETT, Appellant, and
Cynthia L. DeRossett, Appellee.
No. 80168.
Supreme Court of Illinois.
September 19, 1996.
David L. Cunningham, of Winstein, Kavensky & Wallace, Rock Island, IL, for John appellant.
Greg G. Chickris, East Moline, IL, for appellee.
Katz, Friedman, Schur & Eagle, Chicago, for amicus curiae Tom Balanoff, President of General Service Employees Union, Local 73, AFL-CIO.
Justice HARRISON delivered the opinion of the court:
Petitioner, John G. DeRossett, appealed from the judgment of the circuit court of Rock Island County entered upon dissolution of his marriage to respondent, Cynthia L. DeRossett. The appellate court affirmed *655 (No. 3-95-0019 (unpublished order under Supreme Court Rule 23)), and we allowed petitioner's petition for leave to appeal (155 Ill.2d R. 315). We granted leave to Tom Balanoff, president of General Service Employees Union, Local 73, AFL-CIO, to file an amicus curiae brief in support of petitioner. 155 Ill.2d R. 345. The issue presented for our review is whether a workers' compensation award, arising out of a claim accrued during the marriage, is to be classified as marital property under section 503 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (750 ILCS 5/503 (West 1994)). (the Act) (750 ILCS 5/503 (West 1994)).
Petitioner and respondent were married on April 15, 1987. On February 2, 1994, petitioner filed a petition for dissolution of marriage. At that time, petitioner had been working at Case IH Corporation for approximately 30 years. As a result of his employment, petitioner had developed bilateral carpal tunnel syndrome that affected both his arms and elbows. He had filed a workers' compensation claim in which he alleged that the date of injury was January 18, 1990. On July 21, 1994, the dissolution matter proceeded to a hearing on contested issues, including whether respondent was entitled to an interest in petitioner's pending workers' compensation claim. On September 7, 1994, the trial court entered an order determining, inter alia, that respondent was entitled to a portion of the claim, and reserving the amount of the award until the claim was settled. Later that same month, petitioner accepted a lump-sum settlement offer of his claim in the amount of $140,000, which, after deducting attorney fees and costs, yielded a net sum of $111,905.[1]
The trial court entered a judgment of dissolution of marriage on October 19, 1994. On November 1, 1994, petitioner filed a "Motion to Determine Respondent's Interest in Petitioner's Workman's Compensation Claim" and a motion to reconsider, requesting, inter alia, that the trial court reverse that portion of its judgment awarding respondent an interest in the claim. After a motion hearing on December 7, the trial court issued its opinion and order on December 13, 1994, denying petitioner's motion to reconsider and awarding respondent 30% of the $111,905 workers' compensation settlement.
The appellate court affirmed, finding that under section 503 of the Act and the reasons set forth in In re Marriage of Dettore, 86 Ill.App.3d 540, 42 Ill.Dec. 51, 408 N.E.2d 429 (1980), and In re Marriage of Thomas, 89 Ill.App.3d 81, 44 Ill.Dec. 430, 411 N.E.2d 552 (1980), the trial court had properly determined that the workers' compensation claim was marital property because it accrued during the marriage. No. 3-95-0019 (unpublished order under Supreme Court Rule 23). In this appeal, petitioner argues that because the settlement is compensation for his diminished earning capacity, which, due to his retirement, will continue far beyond the date of dissolution, the settlement should be considered nonmarital property. Petitioner urges this court to adopt the so-called "analytical" approach employed by the Fifth District in In re Marriage of Waggoner, 261 Ill.App.3d 787, 199 Ill.Dec. 844, 634 N.E.2d 1198 (1994). For the following reasons, we decline to do so.
In Waggoner, 261 Ill.App.3d at 793-94, 199 Ill.Dec. 844, 634 N.E.2d 1198, the appellate court held that the portions of a workers' compensation award which represent wage loss and medical payments incurred during the marriage should be classified as marital property, while the portion which replaces wages lost after dissolution should be classified as nonmarital. However, the problem with this approach is that it completely ignores section 503 of the Act, which mandates what constitutes marital and non-marital property for purposes of disposition on dissolution of marriage.
Section 503(a) states:
"For purposes of this Act, `marital property' means all property acquired by either spouse subsequent to the marriage, except *656 the following, which is known as `non-marital property':
(1) property acquired by gift, legacy or descent;
(2) property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, legacy or descent;
(3) property acquired by a spouse after a judgment of legal separation;
(4) property excluded by valid agreement of the parties;
(5) any judgment or property obtained by judgment awarded to a spouse from the other spouse;
(6) property acquired before the marriage;
(7) the increase in value of property acquired by a method listed in paragraphs (1) through (6) of this subsection, irrespective of whether the increase results from a contribution of marital property, non-marital property, the personal effort of a spouse, or otherwise, subject to the right of reimbursement provided in subsection (c) of this Section; and
(8) income from property acquired by a method listed in paragraphs (1) through (7) of this subsection if the income is not attributable to the personal effort of a spouse." 750 ILCS 5/503(a) (West 1994).
Additionally, section 503(b) creates a rebuttable presumption that all property acquired after marriage is marital property. 750 ILCS 5/503(b) (West 1994); Hofmann v. Hofmann, 94 Ill.2d 205, 216, 68 Ill.Dec. 593, 446 N.E.2d 499 (1983). In order to overcome this presumption, one must prove that "the property was acquired by a method listed in subsection (a)." 750 ILCS 5/503(b) (West 1994); In re Marriage of Smith, 86 Ill.2d 518, 530, 56 Ill.Dec. 693, 427 N.E.2d 1239 (1981). Section 503(a) contains an "exclusive" and "specific" list of nonmarital property (Smith, 86 Ill.2d at 528, 530, 56 Ill.Dec. 693, 427 N.E.2d 1239), and workers' compensation awards do not fall under any of the methods listed. See 750 ILCS 5/503(a) (West 1994); see also Dettore, 86 Ill.App.3d at 541, 42 Ill.Dec. 51, 408 N.E.2d 429; In re Marriage of Lukas, 83 Ill.App.3d 606, 613, 39 Ill.Dec. 161, 404 N.E.2d 545 (1980).
Petitioner and amicus curiae attempt, through creative argument, to shoehorn workers' compensation awards into various nonmarital exemptions listed in section 503(a). However, we agree with Lukas that:
"`Where the language of an act is certain and unambiguous the only legitimate function of the courts is to enforce the law as enacted by the legislature. [Citations.] It is never proper for a court to depart from plain language by reading into a statute exceptions, limitations or conditions which conflict with the clearly expressed legislative intent. [Citation.]'" Lukas, 83 Ill. App.3d at 613, 39 Ill.Dec. 161, 404 N.E.2d 545, quoting Beckmire v. Ristokrat Clay Products Co., 36 Ill.App.3d 411, 415, 343 N.E.2d 530 (1976).
Therefore, we agree with the appellate court herein that, under the Act, petitioner's workers' compensation award constitutes marital property because the claim accrued during the marriage of the parties.
This result should not surprise petitioner. With the exception of Waggoner, Illinois courts have consistently held that workers' compensation awards are marital property. See In re Marriage of Hall, 278 Ill.App.3d 782, 215 Ill.Dec. 419, 663 N.E.2d 430 (1996); Thomas, 89 Ill.App.3d 81, 44 Ill.Dec. 430, 411 N.E.2d 552; Dettore, 86 Ill.App.3d 540, 42 Ill.Dec. 51, 408 N.E.2d 429; Lukas, 83 Ill. App.3d 606, 39 Ill.Dec. 161, 404 N.E.2d 545. Moreover, personal injury awards have been found to be marital property, including claims for future pain, suffering, and loss of income (see In re Marriage of Burt, 144 Ill.App.3d 177, 98 Ill.Dec. 746, 494 N.E.2d 868 (1986); In re Marriage of Gan, 83 Ill. App.3d 265, 38 Ill.Dec. 882, 404 N.E.2d 306 (1980)), and a disability pension was held to constitute marital property even though it included elements of compensation for loss of income and physical impairment. See In re Marriage of Smith, 84 Ill.App.3d 446, 39 Ill.Dec. 905, 405 N.E.2d 884 (1980).
Petitioner argues that he has a "personal right to his financial security which is *657 owned by him individually and was brought into the marriage as his separate property." However, it is unnecessary to adopt the "analytical" approach in order to address petitioner's concerns, because the statute already in place mandates that the trial court consider petitioner's financial security in dividing the marital estate. See 750 ILCS 5/503(d) (West 1994). As the appellate court stated in Burt:
"By the terms of section 503(d), in dividing marital property, the court is expressly directed to consider `the age, health, * * * employability, * * * and needs of each of the parties' (Ill.Rev.Stat.1983, ch. 40, par. 503(d)(7)) together with the opportunity of a spouse to secure future income (Ill.Rev. Stat.1983, ch. 40, par. 503(d)(10)). This, of itself, authorizes the court to consider the disability of an injured spouse and award a larger portion of marital property, including proceeds of a cause of action to that spouse. Moreover, the factors expressed in section 503(d) are not the only factors that can be considered. Other factors may be considered if relevant. [Citations.] The pain and suffering and disability of an injured spouse would be relevant considerations." Burt, 144 Ill.App.3d at 182, 98 Ill.Dec. 746, 494 N.E.2d 868.
See also Dettore, 86 Ill.App.3d at 542, 42 Ill.Dec. 51, 408 N.E.2d 429 (trial court's consideration of section 503(d) factors "may well sustain a decision to apportion all of a workman's compensation award to the injured party"). Therefore, where section 503 of the Act adequately protects workers' compensation recipients from losing their fair share of such awards in dissolution cases, there is no reason to abandon its dictates in favor of another mechanism.
In the instant case, the trial court awarded respondent 30% of the workers' compensation settlement. A trial court's distribution of marital assets will not be disturbed unless the court clearly abused its discretion. See In re Marriage of Aschwanden, 82 Ill.2d 31, 36-38, 44 Ill.Dec. 269, 411 N.E.2d 238 (1980); see also Hall, 278 Ill. App.3d at 785, 215 Ill.Dec. 419, 663 N.E.2d 430. Further, the question is not whether a reviewing court agrees with the trial court; rather, an abuse of discretion occurs only where no reasonable person would take the view adopted by the court. See Hall, 278 Ill.App.3d at 785, 215 Ill.Dec. 419, 663 N.E.2d 430. Here, the trial court specifically stated that the settlement was awarded in this manner "in an attempt to apportion the assets of the parties equally," taking into consideration, inter alia, the fact that petitioner was ordered to pay the outstanding marital debts and to pay respondent maintenance. The record shows that the trial court considered the relevant factors and divided the marital property in what it believed to be "just proportions." 750 ILCS 5/503(d) (West 1994); Aschwanden, 82 Ill.2d at 37, 44 Ill.Dec. 269, 411 N.E.2d 238. Because we cannot say that no reasonable person would take the view adopted by the trial court, we find no abuse of discretion.
For the reasons stated above, the judgment of the appellate court is affirmed.
Affirmed.
NOTES
[1] While the settlement contract does not specify the nature of petitioner's claim, his uncontroverted testimony was that it involved a permanent partial disability. The contract does indicate that as consideration for the settlement, "Petitioner will immediately and voluntarily retire from his employment with [Case IH]."