T.C. Summary Opinion 2007-97

UNITED STATES TAX COURT

RAYMOND AND CYNTHIA DALEY ZAKRZEWSKI, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9623-05S.                    Filed June 18, 2007.

Raymond and Cynthia Daley Zakrzewski, pro sese.

Julie A. Jebe, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $4,224 deficiency in petitioners' 2002 Federal income tax. The sole issue before the Court is whether petitioners are entitled to an alimony deduction for amounts they paid in the year in issue.

## Background

Some of the facts are stipulated and so found. At the time the petition in this case was filed, petitioners resided in Elmhurst, Illinois.

Raymond Zakrzewski (petitioner) and his ex-wife, Pamela Zakrzewski (Ms. Zakrzewski), were married in 1975. Although the record is silent as to when the couple separated, it is known that they did physically separate and remained separated for at least 2 years before petitioner initiated divorce proceedings against Ms. Zakrzewski sometime in 1995. On December 14, 1995, the Circuit Court of Cook County, Illinois, Domestic Relations Division (circuit court) entered a judgment for dissolution of marriage between petitioner and Ms. Zakrzewski.

The judgment provides, in pertinent part, the following:

### ARTICLE V.

#### MAINTENANCE

1. The Husband shall pay to the Wife the sum of $300.00 per month in maintenance based on an approximate $3,100.00 net take home pay. Said sum shall be paid until the end of March 2000.

2.  Said maintenance payments shall be includable in the gross income of Wife and deductible from the gross income of Husband for Federal and State income tax purposes, within the meaning and intendment of the provisions of Section 71 and 215 of the United States Internal Revenue Code of 1954, as amended, or of any identical or comparable provision of any revenue code or amendment thereto which may be hereinafter enacted.

3.  So long as Wife is receiving maintenance payments from Husband, she shall be entitled to claim TRACY LYNN as a dependency exemption on her Federal and State income tax returns.

ARTICLE VI.

LUMP SUM SETTLEMENT OF PROPERTY RIGHTS

A.  At the end of the sixth year from the date of this Judgment, and in full settlement of all claims to property and maintenance, Husband shall pay to Wife the sum of $30,000.00 in cash.

B.  Husband shall pay to wife one-half of any Christmas bonus received for ten years from the date of this Judgment while he is an employee of UPS as a lump sum settlement of property rights and not as maintenance and further consideration for covenants herein contained.

    *       *       *       *       *       *       *

ARTICLE XIV.

GENERAL PROVISIONS

    *       *       *       *       *       *       *

C. BINDING ON HEIRS

1.  All of the provisions of this Agreement shall be binding upon the respective heirs, next-of-kin, executors, assigns and administrators of the parties hereto.

D. ILLINOIS LAW TO APPLY

2.  This Agreement shall be construed in accordance with the laws of the State of Illinois, entirely independent

of the forum in which this Agreement or any part thereof may come up for construction and/or enforcement.

Petitioners drafted two checks payable to Ms. Zakrzewski during taxable year 2002.  The first check (No. 1964), in the amount of $13,579.91, was dated January 15, 2002.  The memo line of this check reads:  "property settlement."  This check was deposited by Ms. Zakrzewski on February 4, 2002.  The second check (No. 2101), in the amount of $693, was dated June 19, 2002.  The memo line of this check reads: "CHRISTMAS - BONUS; final settlement payment."  This check was deposited by Ms. Zakrzewski on August 6, 2002.  A third check (No. 1963), in the amount of $2,500, was dated January 30, 2002.  This check was made payable to a law firm ("Sotiras & Mannix").  The memo line of this check reads:  "retainer."

On January 17, 2002, Ms. Zakrzewski initiated postmarital decree proceedings against petitioner by filing a Petition For Rule To Show Cause And Other Relief.  He responded with a Motion to Dismiss on February 5, 2002.  Petitioner then filed a Petition to Enforce Settlement, Or Alternatively, To Set Hearing Date On Previously Filed Motion To Dismiss, For Declaratory Judgment And Other Relief, on November 22, 2002.  Before these pleadings were resolved, but after the close of the 2002 taxable year, the formerly married couple entered into a Settlement Agreement on March 17, 2003.

On line 33(a) of their Federal income tax return, petitioners claimed a deduction for alimony paid in the amount of $16,773. In the notice of deficiency, respondent disallowed the alimony deduction because petitioners did not prove either that this amount was for alimony or that it was actually paid.

## Discussion

The Commissioner's determinations are presumed correct, and taxpayers generally bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners did not argue that section 7491 is applicable in this case, nor did they establish that the burden of proof should shift to respondent. Moreover, the issue involved in this case, alimony, is a legal one and will be decided on the record without regard to the burden of proof. Petitioners, however, bear the burden of proving that respondent's determination in the notice of deficiency is erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

Taxpayers may deduct from their gross income payments made during a taxable year for alimony or separate maintenance. Sec. 215(a).

Section 71(b)(1) defines an "alimony or separate maintenance payment" as any payment in cash if:

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includable in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

(D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The test under section 71(b)(1) is conjunctive; a payment is deductible as alimony only if all four requirements of section 71(b)(1) are present. See Jaffe v. Commissioner, T.C. Memo. 1999-196.

Characterization of 2002 Payments

Petitioners argue that they are entitled to deduct $16,773 from their 2002 gross income pursuant to section 71(b)(1) as alimony paid to Ms. Zakrzewski. They claim that they have substantiated payments through the three checks received into evidence. Respondent disagrees and contends that the payments made by petitioners to Ms. Zakrzewski in 2002 do not qualify as alimony under section 71(b). Respondent argues that the payments previously discussed were made pursuant to a divorce instrument that did not explicitly designate the payments as not allowable as an alimony deduction in compliance with section 71(b)(1)(A) and (B). Respondent also maintains that the two checks at issue

were made pursuant to a lump-sum settlement agreement wherein the liability of the payor spouse to make such payments would extend to the payee's estate had the payee spouse died before such payments were due.  For the foregoing reasons, we agree with respondent.

Check No. 1964, in the amount of $13,579.91, and check No. 2101, in the amount of $693, were paid by petitioners pursuant to "Article VI, Lump Sum Settlement of Property Rights, section A", of the marital settlement agreement between Mr. Zakrzewski and Ms. Zakrzewski.  At trial, petitioners and, in particular, petitioner wife, fervently argued that this Court should hold the payments petitioners made to Ms. Zakrzewski in 2002 to be alimony since a settlement agreement entered into between petitioner and Ms. Zakrzewski on March 13, 2003, "dismissed with prejudice the marital settlement agreement of 1995, [and also] it invalidates the clause that any payments would be binding on the heirs."  We note, however, that the payments at issue were made in taxable year 2002.  The payments were made before the 2003 settlement agreement was reached.  There is nothing in the 2003 settlement agreement or, more importantly, the law, which permits us to apply the terms of the 2003 settlement agreement retroactively to characterize these payments petitioners made to Ms. Zakrzewski in 2002.  Gordon v. Commissioner, 70 T.C. 525, 531 (1978).

Accordingly, it is the marital settlement agreement of 1995 that we look to as the sole, operative document at issue in this case.

First, we note that the payments at issue were not included in "Article V, Maintenance," which expressly provided that the payments were allowed as an alimony deduction in accordance with section 71(b)(1)(A) and (B). Rather, these payments were made pursuant to a provision of the marital settlement agreement segregated from those payments that were clearly indicated as alimony. Second, "Article XIV, General Provisions, section C, provides that "All of the provisions of this Agreement shall be binding upon the respective heirs, next-of-kin, executors, assigns and administrators hereto." This conflicts directly with section 71(b)(1)(D), and therefore, leads us to the holding that these payments are not deductible by petitioners as alimony or separate maintenance.

Petitioners next argue that the terms of the marital settlement agreement should not be construed in accordance with Illinois law, and that we should look only to the parties' intent, which would undoubtedly then lead us to the holding that these payments were, in fact, alimony or separate maintenance because petitioners intended them to be for that purpose. As evidence of this intent, petitioners testified that had they known that they would not be entitled to deduct the payments from their gross income, they would not have made them.

First, "Article XIV, General Provisions, Section D" unequivocally applies Illinois law irrespective of the fact that the case is before this Court. Second, we note that under section 504(a) of the Illinois Marriage and Dissolution of Marriage Act, the court may grant maintenance payments (alimony) only if it finds that the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and is unable to support herself otherwise. 750 Ill. Comp. Stat. Ann. 5/504(a) (West 1999); see also In re Marriage of Lees, 587 N.E.2d 17, 20 (Ill. App. Ct. 1992). In this case, there was no evidence presented that the circuit court made such a finding with respect to the payments defined in "Article VI."

Lastly, and with respect to petitioners' argument that we should disregard the language of the operative marital settlement agreement and Illinois law in favor of their intent that the payments at issue be alimony or maintenance of the type for which a deduction under section 71 applies, petitioners provided no factually credible evidence to support that these payments were nothing more than their attempt to comport with Mr. Zakrzewski's legal obligations then-existing under the terms of the marital settlement agreement. As previously stated, we believe that the payments under the marital settlement agreement do not comport with the requirements of section 71(b)(1).

With regard to the third check, No. 1963, payable to the law firm of Sotiras & Mannix, the memo line of this check reads: "retainer."  This check was drafted and deposited only 2 weeks after Ms. Zakrzewski initiated postdecree proceedings against petitioner.  We believe, given that petitioner was obligated, pursuant to the operative settlement agreement, to make a cash payment of $30,000 to Ms. Zakrzewski no later than December 31, 2001, and that he made a payment of only $13,579.91 to Ms. Zakrzewski 2 weeks after that deadline, that this check represents his personal outlay to retain counsel in defense of Ms. Zakrzewski's subsequent suit against him.  There is nothing in the record to suggest that this amount was ever sent to Ms. Zakrzewski, let alone for her support.  There is nothing in the record, or, moreover the law, that allows us to entertain the possibility that the cash paid by petitioners in their retention of legal counsel might be construed as an alimony payment to Ms. Zakrzewski.

Accordingly, and based on the foregoing facts and discussion, we hold that the disputed payments made by petitioners in 2002 were not alimony pursuant to section 71.

Decision will be entered for respondent.